CASE 38—PETITION EQUITY—JUNE 5.

# Thomas, &c., vs. Capps, &c.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. Questions arising on wills, made before the Revised Statutes took effect, must be determined by the pre-existing law. (*Revised Statutes, sec.* 26, *chapter* 106.)

2. LANDS ACQUIRED AFTER MAKING THE WILL, AND CONVEYED BY TESTATOR TO ONE OF HIS LEGATEES.—Testator, by will made in 1850, devised all the land he then owned to his wife for life, and, after her death, to be equally divided between his eleven grandchildren. He thereafter, by purchase, acquired other lands, which he conveyed to one of the eleven grandchildren. Surviving his wife, testator died in 1864. *Held*—That, by the conveyance of the after-acquired land, it was not testator's intention to make an advancement in satisfaction of, nor to *adeem*, the devise to that grandchild, and that she took an equal part under the will.

3. The intention of the testator is sufficient to rebut or confirm any presumption which may arise, and that intention may be determined by parol evidence. (2 *Williams on Executors,* 1145.)

VOL. V—18

TURNER & CORNELISON and

B. F. BUCKNER,                                        For Appellants,

CITED—

2 *Stockton, ch.* 158, 163 ; *Sims vs. Sims.*

5 *Randolph,* 577 ; *Jones vs. Mason.*

12 *Leigh,* 1 ; *Moore vs. Hilton.*

18 *Ves.,* 140 ; *ex parte Pye.*

2 *Hare,* 434 ; *Suisse vs. Lowther.*

2 *Redfield on Wills, page* 537, *sec.* 55.

*Revised Statutes, sec.* 17, *chap.* 30.

3 *Y. & Coll.,* 397 ; *Davys vs. Boucher.*

1 *B. C. C.,* 555 ; *Holmes vs. Holmes.*

5 *M. & Cr.,* 29 ; *Pym vs. Lockyer.*

15 *Ves.,* 507 ; *Ben. Gough vs. Walker.*

3 *C. & F.,* 146 ; *Lord Durham vs. Wharton.*

10 *Bligh's N. S.,* 526.

*Sugden on Real Property,* 128.

3 *Hare,* 509 ; *Kirk vs. Eddowes.*

2 *Russ. & M., y* 301 ; *Carver vs. Bowles.*

2 *Irish Chy. Rep.,* 633 *to* 640 ; *Delacour vs. Freeman.*

2 *H. L. C., d* 131 ; *Lady Thynne vs. Earl of Glengall.*

1 *Kee,* 769 ; 1 *Atk.,* 428.

2 *Vern.,* 298 ; *Goodfellow vs. Burchett.*

2 *Chy. R.,* 159 ; *Ray vs. Stanhope.*

2 *Atk.,* 458 ; *Saville vs. Saville.*

1 *Bro. C. C.,* 425 ; *Grave vs. Earl of Salisbury.*

15 *Pickering,* 133 ; *Richards vs. Humphreys.*

5 *Barr.,* 113 ; *Hanberger vs. Root.*

3 *Wash. C. Rep.,* 48 ; *Bryan vs. Hunter.*

3 *B. Mon.,* 650 ; *Wier vs. Wier's adm'r.*

*Williams on Executors,* 1143.


O. S. TENNEY and

APPERSON & METCALFE,                                 For Appellees,

CITED—

2 *Redfield on Wills, pp.* 539, 542.

*Revised Statutes, secs.* 17, 26, *chap.* 106, 2 *Stanton,* 461, 464.

2 *Maddock's Chy., page* 91.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

Robert Thomas, late of Montgomery county, made his will on the 8th day of August, 1850, by which he devised all of his estate, consisting in part of three hundred and seven acres of land in said county, to his wife, Polly Thomas, for life, and after her death, to be equally divided between his eleven grandchildren, the children of his sons, who were all dead.

Among the devisees in remainder was the appellee, Mary Hannah, the daughter of the testator's son, Robert Thomas, jr., who had died about 1847, leaving her, his only child, and then an infant of tender age.

After her father's death, her said grandfather seems to have taken her from the care of her mother, and, during her minority, to have been in *loco parentis* to her.

Subsequent to the date of the will, the testator became the owner, by purchase, of an undivided moiety of two tracts of land in Bath county, of the value of near three thousand dollars; and on the 1st day of November, 1862, he conveyed them to said Mary Hannah Thomas, for the expressed consideration of natural love and affection. He died in 1864, having survived his wife.

Said Mary H. Thomas having intermarried with Robert J. Capps, the other devisees sought, in this suit, for a division of the estate, to have Capps and wife charged with the value of the land in Bath county, as a portion advanced in satisfaction wholly or *pro tanto* of the devise to Mrs. Capps; and the court having adjudged otherwise, this appeal seeks a reversal of the judgment.

The will having been made before the Revised Statutes were in force, the case must be determined by the pre-existing law. (*Sec. 26, chap. 106, Rev. Stat.*)

It should be borne in mind that the land in Bath county is not part of the real estate which the testator owned at the date of his will, and devised in remainder to his grandchildren; and the principle, therefore, that where a testator devises his real estate among his children in undivided shares, and afterwards conveys part of it to one of them, the conveyance is presumed to have been intended as a satisfaction and ademption of the devise, does not apply to this case.

But conceding that, as a general rule of law, double portions are not favored, and where a legacy is bequeathed to a child, or one standing in that relation, and an advancement to the legatee is afterwards made of the same kind as the legacy, the law presumes the one to have been made in satisfaction of the other; yet the weight of authority seems to be against the application of this principle to devises of real estate. (*Williams on Executors, vol. 2, p. 1145; Redfield on Wills, part 2d, p. 537.*)

But whatever might otherwise be the presumptive effect of the conveyance to Mrs. Capps, the intention of Robert Thomas, in making the conveyance, is sufficient to rebut or confirm any presumption which may arise from the transaction; and that may be determined from the parol evidence in the cause. (*Williams, supra, 1145.*)

Facts and circumstances are disclosed in this case, which lead to the conclusion that Robert Thomas did not intend that the conveyance of the land should be in satisfaction of Mrs. Capps' portion under his will. From his own conversations, it appears that he was mindful that he had advanced nothing to her father,

while he had paid debts as surety for one of his other sons, and furnished another money to buy land in Missouri; and it appears, also, that he had held notes for money lent to part of the appellants, which he had destroyed. The fact, too, that he had raised her in her orphanage as his own child, and that she was the only representative of one of his deceased sons, while others were represented by several of his other grandchildren, may well have had a controlling influence upon him.

We concur in the conclusion of the circuit court, and the judgment is therefore affirmed.