## White, Ex'r v. Ponder.

(Decided May 3, 1918.)

### Appeal from Powell Circuit Court.

1.  Wills—Ademption of Legacy.—The ademption of a legacy is effected when by some act of the testator its subject matter has

ceased to exist in the form in which it is described in the will, so that on his death there is nothing answering the description to be given to the beneficiary; or when the testator, during his life, satisfies the gift either in whole or in part by giving the beneficiary what was designed for him under the will; or when under the terms of the will, advances made during the life of the testator are to be deducted from the portions given to the beneficiaries by the will.

2. Wills—Ademption of Legacy—Gifts.—An ademption contemplates the substitution of one gift for another, and can have no application to the settlement of business demands between the parties.

3. Wills—Trial—Argument of Counsel.—The act of the trial court in improperly placing the burden upon the defendant which carried with it the right to the concluding argument did not prejudicially affect the defendant's substantial rights.

4. Wills—Construction—Rule of.—The general rule is that a will is to be construed from the written language of the instrument and that parol or extrinsic evidence is admissible to add to, vary or contradict its terms; it is only where the language of a will is uncertain and doubtful, or contains a latent ambiguity, that extrinsic evidence may be admitted for the purpose of explaining the will, the situation of the testator, and the facts and circumstances surrounding him at the time of the execution of the will.

5. Appeal and Error—Trial—Instructions.—Although an instruction to the jury is subject to criticism for want of clearness it will not constitute a reversible error if it substantially submitted the issue and was not calculated to mislead the jury.

J. D. ADKINSON and KELLY KASH for appellant.

C. F. SPENCER for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

The will of Mrs. Elizabeth C. Chenault, made in 1895, contained this clause.

"Third: I bequeath to Thomas Ponder a boy staying with me, five hundred dollars, and desire also that he should be given a good English education; but in case he should leave me or my husband against our consent this bequest is to be void."

By another provision of the will the testatrix devised and bequeathed all of her remaining real and personal estate in trust for her husband, Joel Chenault, during his life. Joel Chenault having died, Mrs. Chenault added a codicil to her will in 1908 by which she devised and bequeathed to Mattie B. Allen and Thomas Ponder

all of her household and kitchen furniture, pictures and silverware, and also her home farm in Powell county, Ky., upon the condition that each of the devisees should pay to Arch Williams, a colored man, $25.00 annually, during his life.

Mrs. Chenault died in February, 1913; but shortly before her death she conveyed the home farm above referred to, to Mattie B. Allen, and Ponder took nothing by reason of the devise made to him by the codicil.

Mrs. Chenault had taken Ponder when he was a boy seven years of age and had raised him, he being about twenty-five years of age at the time of her death. A year or two previous to Mrs. Chenault's death Ponder asserted a claim against her for services rendered after he had reached his majority, and the claim was settled by Mrs. Chenault paying Ponder $800.00.

On October 15, 1915, Ponder filed this action against White, Mrs. Chenault's executor, to recover $500.00 bequeathed to him by the third clause of the will above quoted, his petition as amended alleging that he had remained with Mrs. Chenault until and after he had become twenty-one years of age and continued to work for her all of that time; that he was about seven years of age at the time the will was executed in 1895, and that Mrs. Chenault had taken him to rear until he became twenty-one years of age; that he never had at any time left Mrs. Chenault or her husband against their consent or against the consent of either but had remained with them as long as they desired him to do so.

The answer denied the allegations of the petition that were extraneous to the will; alleged that the devise of one-half of the home farm (worth $1,500.00) to Ponder by the codicil was an ademption of the legacy of $500.00; that by the settlement with Ponder Mrs. Chenault had paid $800.00 in satisfaction of all of his claims and demands against Mrs. Chenault; and, it alleged that Ponder had abandoned Mrs. Chenault when she was advanced in years and in feeble health, and that she had to get other persons to care for herself and her property.

The reply denied that the devise of a one-half interest in the home farm to Ponder by the codicil was in lieu of the legacy of $500.00 sued for, or that the devise in the codicil was an ademption of the $500.00 legacy; and, it affirmatively alleged that Mrs. Chenault had conveyed the home farm and all of the other property men-

tioned in the codicil to Mrs. Mattie Allen, and that Ponder took nothing under said codicil. The reply also denied that Ponder had abandoned Mrs. Chenault; but it admitted that he had demanded and had obtained a settlement with her in satisfaction of existing demands against her, which, however, had no reference to the legacy sued for.

The case was tried by a jury under sharply conflicting proof as to whether Ponder had abandoned Mrs. Chenault. The evidence took a considerable range, some of it tending to show that for four or five years before her death Ponder was a tenant of Mrs. Chenault under the usual renting contract, he however claiming, that at the same time he had attended to all of her business affairs, and cared for her. The court ruled that the burden was upon the defendant, and instructed the jury as follows: "The jury will find for the plaintiff, Ponder, unless they believe from the evidence that the plaintiff left Mrs. E. C. Chenault prior to her death with the intent of doing so and did as a matter of fact permanently sever his relations with Mrs. Chenault and sever his connection with her farms and other business."

The verdict reads as follows: "We the jury find for the plaintiff Ponder." Upon this verdict the court entered a judgment in favor of Ponder for $500.00, and the defendant appeals.

The appellant assigns error as follows: (1) the court erred in holding that the settlement between Mrs. Chenault and Ponder did not operate as an ademption or satisfaction of the legacy; (2) it improperly placed the burden on the defendant; (3) it improperly excluded evidence tending to show declarations, often expressed by Mrs. Chenault, that Ponder had abandoned her, and that she intended him to have nothing from her estate; and, (4) errors in the instruction, both of commission and omission.

1. The circuit court did not err in holding that the settlement between Ponder and Mrs. Chenault was neither an ademption nor a satisfaction of the legacy sued for. The rule as to what constitutes an ademption or a satisfaction of a legacy is stated as follows in 40 Cyc. 1914:

"The ademption of a legacy is effected, when by some act of the testator its subject-matter has ceased to exist in the form in which it is described in the will, so that on his death there is nothing answering the description

to be given to the beneficiary; or when the testator, during his life, satisfies the gift either in whole or in part by giving the beneficiary what was designed for him under the will; or when, under the terms of the will, advances made during the life of the testator are to be deducted from the portions given to the beneficiaries by the will. Ademption in its first form can apply only to specific gifts; and it has been said that ademption in its strict sense is predicable only on specific legacies, while, as to general legacies, the term 'satisfaction' is more accurate. Ademption is not a revocation of the will or of the particular legacy, but is in the nature of a payment or discharge.''

It is there further stated that whether a gift or advancement to the legatee shall operate as an ademption of a legacy depends entirely upon the intention of the testator; and, that when the testator is a parent or stands *in loco parentis* to the legatee, the subsequent gift is presumed to be in satisfaction of the legacy. Hocker v. Gentry, 3 Met. 463; Thomas v. Capps, 5 Bush 273; Ferguson v. Bush, 9 Ky. L. R. 286, 7 S. W. 537; Glascock v. Layle, 21 Ky. L. R. 860, 53 S. W. 270.

It will be observed, however, that the rule above announced is based upon the fact that an ademption is effected by the testator giving the beneficiary what was designed for him by the will. It necessarily contemplates the substitution of one gift for another, and can have no application to the settlement of business demands between the parties. It abundantly appears that Mrs. Chenault paid Ponder $800.00 in satisfaction of his claim for services rendered after he was 21 years of age, and there is no proof whatever that the payment was intended by either party to operate in satisfaction of the legacy. There was no gift of $800.00; it was paid to satisfy a demand that Ponder was asserting.

We are not here concerned with the justness of Ponder's demand. It does not appear that he knew the will provided a legacy for him based upon his remaining with Mrs. Chenault so long as she desired him to do so. Ponder's demand was based upon the fact that after he became 21 years of age he was entitled to compensation for his services, while the legacy was conditioned upon the fact that Ponder should remain with Mrs. Chenault as long as she desired it, regardless of the fact that Ponder, in the meantime, may have reached his majority.

These inconsistencies plainly show that the $800.00 was paid to Ponder in settlement of his claim for services, and not in satisfaction of the legacy.

If any presumption is to be indulged, which is disavowed, it would seem that Mrs. Chenault conveyed the farm to Mrs. Allen after the settlement with Ponder and for the purpose of depriving him of the half interest therein which had been given him by the codicil because of his demand for compensation.

2. Assuming, without deciding, that the burden of proof was upon the plaintiff as contended by the appellant, and that the trial court erred in so ruling, we fail to see how the defendant was thereby prejudiced. The trial court having placed the burden upon the defendant he was entitled to the concluding argument, and it would have been a reversible error to deny him that right. Royal Ins. Co. v. Schwing, 87 Ky. 410. But we do not understand that this right was denied to the appellant, and no authority is cited to the effect that the ruling was prejudicial error. In our opinion it was not a prejudicial error.

3. Neither did the trial court err in excluding evidence tending to show declarations by Mrs. Chenault that Ponder had abandoned her and that she intended he should have nothing from her estate. The legacy sued for was given by the will, which had been established as the last will and testament of Mrs. Chenault. The general rule is that a will is to be construed from the written language of the instrument, and that parol or extrinsic evidence is not admissible to add to, vary, or contradict its terms. It is only where the language of a will is uncertain and doubtful, or contains a latent ambiguity, that extrinsic evidence may be admitted for the purpose of explaining the will, the situation of the testator, and the facts and circumstances surrounding him at the time of the execution of the will. But such evidence is not admissible where the language of the will is plain and unambiguous, as in this case. Parrott v. Crosby, 179 Ky. 658.

If the rule were otherwise a will would amount to nothing, since it could be overthrown and a new and different will established by parol testimony.

4. Finally, it is insisted that the instruction above quoted is misleading in its form and phraseology, and wholly failed to submit the issue presented by the pleadings and the proof. It is true the issue was whether Pon-

der left Mrs. Chenault or her husband without their consent, and that the instruction did not, in express terms, present that phase of the case. But it did so in substance; and while the instruction is, perhaps, subject to criticism for want of clearness, we are of opinion the jury were not misled as to the question in issue. In the respect that it submitted the question whether Ponder had ever severed his relations with Mrs. Chenault, her farms and other business, without incorporating therein the element of consent on the part of Mrs. Chenault or her husband, the instruction was too favorable to the appellant, since it prevented a recovery in case Ponder left the Chenaults with their consent.

And while the instruction and the verdict were both subject to criticism in not limiting the recovery to the amount sued for, no objection was made to the form of the verdict when it was returned in the circuit court, and none is made here. Walter v. Louisville Ry. Co., 150 Ky. 652, 43 L. R. A. (N. S.) 126, Ann. Cas. 1914D 441.

Upon consideration of the whole case we find no error prejudicial to the substantial rights of the appellant.

Judgment affirmed.