## Dillender v. Wilson.

(Decided February 12, 1929.)

(As Modified, on Denial of Rehearing, April 30, 1929.)

L. M. ACKMAN for appellant.

WEBB & HOGAN for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—
Reversing.

The will of T. W. Wilson is dated June 28, 1916. It directs the payment of his debts and funeral expenses, and devises the rest of his property absolutely to his wife, Louvenia Wilson. Mrs. Wilson died in September, 1919. Without having changed his will, the testator died in September, 1924. He left no children surviving him, and his father, the appellee, William Wilson, is his heir at law. The appellant, Sam Dillender, is the child of Mrs. Wilson by a former marriage and her only heir.

Dillender brought this action of trespass to try title to a certain tract of land which belonged to T. W. Wilson, at the time of his death, relying upon his title under Wilson's will as the only issue of the devisee, Louvenia Wilson, deceased. The court construed the will as passing no title, and adjudged that all of T. W. Wilson's property descended under the statutes to his father. The appeal is prosecuted from that judgment.

Appellant claims the estate under the provisions of section 4841, Kentucky Statutes, which is as follows: "If a devisee or legatee dies before the testator, or is dead at the making of the will, leaving issue who survive the testator, such issue shall take the estate devised or bequeathed, as the devisee or legatee would have done if he had survived the testator, unless a different disposition thereof is made or required by the will."

Appellee claims that he is entitled to the estate the same as if his son had died intestate, as there was an ademption of the devise and the estate passes under section 4843, which is as follows: "Unless a contrary intention shall appear by the will such real or personal estate, or interest therein, as shall be comprised in any devise in such will which shall fail or be void, or otherwise incapable of taking effect, shall not be included in the residuary devise contained in such will, but shall pass as in case of intestacy."

Of course, if there was an ademption of the devise to the wife of testator, she would not have taken the

estate had she survived him, and consequently the provisions of section 4841 would be inapplicable. As indicated above, the will devised in fee to testator's widow, the mother of appellant, the entire estate, without any specification of the items of property, which made it up. When the will was executed, testator resided in Henry county and owned real estate and personal property situated there. Some time after the death of his wife he sold the land in Henry county and acquired other real estate in Grant county, where he was residing when he died.

Ademption, where satisfaction by payment during the life of testator is not involved, is the destruction or extinction of a bequest by means of the sale or other disposition of the things specifically bequeathed (Page on Wills, sec. 779), and it is effected when by some act of the testator the subject-matter has ceased to exist in the form in which it is described in the will, so that on his death there is nothing answering the description to be given to the beneficiary (White v. Ponder, 180 Ky. 386, 202 S. W. 867, quoting 40 Cyc. 1914). To effect an ademption, the legacy or bequest should be specific and not general (14 R. C. L. 344; Reynolds' Executor v. Reynolds, 187 Ky. 324, 218 S. W. 1001), for it can apply only to specific gifts of which predisposition has been made.

A will, with reference to the property comprised in it, speaks and takes effect as if it had been executed immediately before testator died, unless a contrary intention shall appear by the will. Kentucky Statutes, sec. 4839. Consequently, if property mentioned therein is not in existence, or has been previously converted into another form, the will as it relates to that specific legacy is incapable of taking effect, unless controlled by section 2068 of the Statutes. This, however, has no application to the widow, since, strictly speaking, she is not an heir of her husband. Higginbothom v. Higginbothom, 177 Ky. 271, 197 S. W. 627, L. R. A. 1918A, 1105. But, where the bequest is of the entire estate, no matter how it may have been changed in form or character, it is just as capable of passing under the will on the death of testator as on the date it was executed. Hence there was no ademption of the devise to the widow of testator. This disposition of the estate seems also to be within the contemplation of section 4835 of the Statutes, as construed by cases cited in the annotations.

Section 4843 of the Statutes, relied on by appellee, declares what shall become of a devise incapable of

taking effect, where the testator has not directed its alternative disposition. It does not undertake to say when the devise shall be deemed void or incapable of taking effect. That is a matter to be determined by the courts as the question arises. But section 4841 does provide that, on the happening of a certain contingency, the devise shall not be incapable of taking effect, and makes an alternative disposition, namely, where the devisee shall have predeceased the devisor "leaving issue who survive the testator," that "such issue shall take the estate" so devised or bequeathed. The statute is so clearly expressed as to require no construction, but simply application to conditions as they arise.

Section 463 of the Statutes provides that the word "issue" as applied to the descent of property shall be construed to include all lawful, lineal descendants. In its primary signification it imports children. Newcomb v. Newcomb, 197 Ky. 801, 248 S. W. 198. So the word "issue" in section 4841 means lineal descendants of the devisee, in contradistinction to collateral or ascending heirs. Slone v. Mason Coal & Coke Co., 168 Ky. 697, 182 S. W. 929.

If section 4841 of the Statutes may not be applied to the simple facts of this case, we hardly see how it could ever be made effective. We have the sole devisee of the entire estate dying before the testator, leaving a child surviving her. It is suggested that this statute was intended to include only children or lineal descendants of the testator and not strangers in blood. Such a construction would violate the clearly expressed terms of the act and destroy its purpose and effect.

The exact conditions we have before us appear in the case of Nance's Executors v. Akers, 165 Ky. 461, 177 S. W. 235. The testator, E. T. Nance, bequeathed $1,000 to his wife, who predeceased him two days, leaving two sons by a former marriage. It was held that these stepsons of the testator were entitled to the bequest to their mother the same as if it had been directly to them.

See, also, Morison v. Meade, 204 Ky. 86, 263 S. W. 768, and Carter v. Carter, 208 Ky. 291, 270 S. W. 760.

The judgment is accordingly reversed for proceedings consistent herewith.