### Hurley et al. v. Schuler et al.

Dec. 8, 1943.

Leo J. Sandmann for appellants.

Roscoe Conkling for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Kasimir Kleber died testate in January, 1938. He left surviving him three children, Frank, Joseph and Mary Hurley; and among others, three grandchildren, Lillian Kleber Schuler, Theresa Kleber and Edward Thomas Kleber, children of his deceased son, George. The sixth clause of Mr. Kleber's will, which was executed in 1932, follows: "Item Six. I give and bequeath to my grandchildren, Theresa Kleber, Lillian Kleber and Edward Thomas Kleber (children of my deceased son, George Kleber) the sum of Two Thousand ($2000.-00) Dollars each. This bequest to be paid out of my Gas & Electric Company stock." The executor declined to pay any of these bequests because, subsequent to the execution of his will, Mr. Kleber had paid to Theresa and Lillian, appellees herein, the sum of $2,000 each. The following writing shows the conditions under which the payment was made to Lillian. The payment to Theresa was made subject to the same conditions.

"This Memorandum is to evidence that Kassmeier Kleber desires to give to his granddaughter, Lillian Kleber Schuler, with which she is to buy a home, the sum of Two Thousand ($2000.00) Dollars; and that said Kassmeier Kleber desires to derive therefrom, during his natural life, an income of three (3%) per cent per annum; therefore

"Witnesseth: That the said Kassmeier does hereby and herewith give unto the said Lillian Kleber Schuler the sum of Two Thousand ($2000.00) Dollars, which sum she accepts and agrees (1) that same will be used in the purchasing of a home, and (2) that she will pay to her grandfather, during the remainder of his natural life, a sum equal to three (3%) per cent per annum, in semi-annual payments.

"Should Lillian Kleber Schuler comply with the above conditions, it is expressly understood that the above shall be considered a gift, and in no event an ad-

vancement or loan.'' This memorandum was signed by Mr. Kleber, Lillian Kleber Schuler and Albert Hurley, the latter being Mr. Kleber's son-in-law and executor of his will, and was duly witnessed.

In 1936 a memorandum relating to Edward Thomas Kleber was executed as follows:

''Received of Kazimir Kleber this 18th day of January, 1936, the sum of Two Thousand ($2000.00) Dollars which represents the entire share that my grandson, Edward T. Kleber, will receive from my estate.

''By accepting the above mentioned $2000.00 the undersigned, Edward T. Kleber, hereby waives all of his right, title and interest in and to the estate of Kazimir Kleber.'' This instrument was signed by Edward T. Kleber in the presence of two witnesses. He is not a party to this appeal.

Lillian and Theresa brought this action against the executor to settle their grandfather's estate. He defended the action by contending that the $2,000 given each girl was an advancement, thus an ademption of the legacy. Hurley presented his own personal claim against the estate for personal services rendered at the special instance and request of the deceased in the sum of $6,010.

It is insisted by the appellant that the transactions did not amount to a gift inter vivos because the essential elements thereof were not shown. He contends the gifts were not complete, and could not go into effect at once because of the conditions and limitations attached to them. It has been held by this Court that the facts necessary to constitute a gift inter vivos are: (1) There must be a competent donor; (2) an intention on his part to make the gift; (3) a donee capable to take it; (4) the gift must be complete with nothing left undone; (5) the property must be delivered and go into effect at once; and (6) the gift must be irrevocable. Gernert v. Liberty Nat. Bank & Trust Co., 284 Ky. 575, 145 S. W. (2d) 522. The gifts here involved were complete with nothing left undone, insofar as the donor was concerned, and the memoranda expressly stated the money was to be considered as gifts when their terms had been fulfilled. The fact that the donor reserved to himself the right to collect interest does not change the nature of the transaction. It has been held that the reservation of interest or dividends is not sufficient to indicate an intention to

retain any control over the gift itself. In re Estate of Chapple, 332 Pa. 168, 2 A. (2d) 719, 121 A. L. R. 422. The gifts met the required tests in other respects also.

It is next contended by the appellant that the payment to appellees of the exact amounts bequeathed to them by the will constitutes an ademption of the legacy. Most of the testator's estate consisted of stock in the Louisville Gas & Electric Company, and it is pointed out that a part of this stock was sold in order to pay these sums to the grandchildren. While the will provided that the legacies were to be paid ''* * * out of my Gas & Electric Company stock,'' it must be noted that at the time of his death the testator still owned more than enough of this stock to satisfy these legacies.

Ademption of a legacy occurs when the testator, subsequent to the execution of his will, gives to the legatee that which he has provided for in his will or disposes of that part of his estate so bequeathed in such a manner as to make it impossible to carry out the provisions of the will. But where the payment or transfer is expressly shown to have been ''a gift and in no way an advancement or loan,'' it is not considered an ademption of the legacy unless the legacy is a specific one and the subject matter of the legacy has been completely extinguished by the testator, in which event, such an act would operate as an ademption or revocation, whether it was so intended by the testator or not. Dillender v. Wilson, 228 Ky. 758, 16 S. W. (2d) 173.

Finally, the appellant is seeking to reverse the chancellor's ruling that he was not entitled to compensation for the care and nursing of his father-in-law. During the years in controversy Mr. Kleber was past eighty years of age. While he was mentally alert and was able to get about town and attend to his affairs and visit his friends, he was, nevertheless, feeble and confined to his bed at times. He suffered from a severe kidney ailment, a hernia, and required many of the attentions attendant upon the aged and infirm. He fell quite often in and about the house, required assistance in bathing and rather constant menial care and attention in connection with his kidney ailment. With the exception of the time of the flood in Louisville, he lived with his daughter and son-in-law in the home he had given them. There was testimony to the effect that all of these needs and attentions were administered by the son-in-law. He assisted

Mr. Kleber about the house; he attended to his soiled clothing and laundered it himself; and he bathed and helped him in every possible manner in order to ease and comfort him in his declining years. While the appellant is to be commended for the devotion and care he is shown to have given his father-in-law, no case is cited wherein this Court has approved a claim for personal services and nursing under circumstances such as are shown here. The law is well settled that an express contract must be proven before one can sustain his claim for services under similar circumstances. No such plea was made herein. Thompson v. Close, 280 Ky. 720, 134 S. W. (2d) 635, and cases cited therein.

Judgment affirmed.