## Flora et al. v. Hughes et al.

March 14, 1950.

Donald L. Wood, Judge.

Stephens L. Blakely and Richard C. Northcutt for appellants.
Silas Jacobs for appellees.

JUDGE CAMMACK—Affirming.

This case involves the question as to whether Mary Elizabeth Field revoked her will by cutting or tearing the fifth item therefrom. KRS 394.080 sets forth the manner in which a will may be revoked. Subsection (4) of that section follows: "(4) By the person who made the will, or some person in his presence and by his direction, cutting, tearing, burning, obliterating, canceling, or destroying the will or codicil, or the signature thereto, with the intent to revoke." By agreement of the parties the case was submitted to the court without the intervention of a jury. The appeal is from a judgment probating the will.

It is undisputed that the testatrix duly executed her will. She left it in the office of the county clerk in a sealed envelope. Later she took it from the clerk's office. After her death the envelope was found in her lock box. It had been opened. In the envelope were found two pieces of the will. Item 5 had been cut or torn from the instrument. The proof showed that the fifth item made a money bequest of $500.00. The sixth provision of the will contained a residuary clause. The two pieces of the will were presented to the county court and were probated as the last will of Mary Elizabeth Field.

The appellants offered proof showing that the testatrix had said she intended to change her will and had torn it up. A disinterested witness said the testatrix asked him to come see her in the hospital. While there she told him that she knew his father and wanted him to get in touch with an attorney for her. He said also that she told him she had made a will but had destroyed it and wanted to make another one. On the other hand, it was shown the testatrix duly executed her will and that upon her death it was found in her lock box with the fifth item removed therefrom. There was no proof showing any one had tampered with the will, or that it had ever been out of the possession of the testatrix. All the circumstances and the physical facts surrounding the instrument support the presumption that it was the intention of the testatrix to change her will only by eliminating the fifth item therefrom. This she had a right to do. We think this evidence was amply sufficient to support the finding that it was not the intention of the testatrix to revoke her will in its entirety.

In his judgment upholding the will, the court referred to the case of Russell v. Tyler, 224 Ky. 511, 6 S. W. 2d 707. In that case the will consisted of four typewritten pages and a cover attached by a metal clip. The first page contained a short preamble which was typed on about one-fifth of a sheet of paper and from which the remainder had been cut or torn. The first paragraph on the second page bore the number "3". In the court's opinion it was pointed out that the language of the instrument showed an ellipsis on the place where the paper was sundered. The will was upheld. In the Russell case, as in the case at bar, the primary question for determination was the intent of the maker of the will. In each case the parts of the instrument from which something had been deleted were carefully preserved. We think the facts in this case are inconsistent with an intent to revoke the instrument in its entirety.

Judgment affirmed.