Joseph H. CONLEY, Administrator with the Will Annexed of the Estate of Mary Jett; Joseph L. Jett; and Ezra T. Craycraft (Cracraft), Appellants,

v.

Marjorie BREWER, Appellee.

Court of Appeals of Kentucky.

May 27, 1983.

Rehearing Denied July 29, 1983.

Discretionary Review Denied by Supreme Court April 11, 1984.

Joseph H. Conley, Conley & Conley, Carlisle, for appellants.

John Swinford, Swinford & Sims, Cynthiana, for appellee.

Before COOPER, HOWARD and REYNOLDS, JJ.

HOWARD, Judge:

The appellants appeal a judgment of the Bracken Circuit Court setting aside an altered original will which had been probated by the district court, and probating instead an attested carbon copy on which no alterations had been made by the testatrix.

On December 24, 1970, G.A. Famularo drafted a will for Mary Jett. The will was properly signed and witnessed as was a carbon copy. Mrs. Jett took the original copy, and Mr. Famularo retained the carbon copy of the will. The document included the following provisions:

Item IV: I give and bequeath to Marjorie Jett Brewer, my step grandchild, of Louisville, Kentucky, the sum of Five Thousand ($5,000) Dollars, to do with as she pleases.

. . . .

Item X: All the residue of my estate, which I may own or have the right to dispose of at the time of my decease, I give, devise and bequeath to Joseph L. Jett, Marjorie Brewer and Ezra T. Craycraft, in equal shares of one-third (⅓) each, to do with as they please.

Marjorie Jett Brewer and Joseph Jett are the step-grandchildren of Mary Jett. Ezra Craycraft farmed on Mrs. Jett's farm for a number of years and is not a relative.

Mary Jett died on December 1, 1980. After her death, the original copy of her will was found in the original envelope in a chest at her home. The seal on the envelope was broken, and the following alterations had been made in the will: Item IV (set out above) was entirely inked out and taped over, with the words "Take out Item IV" written in the margin; Item X (also set out above) had been changed to the extent that Marjorie Brewer's name had been inked out and one-half (½) was substituted

for the one-third (⅓) originally listed. From the record it appears that Mary Jett and Marjorie Brewer had an argument after Mrs. Jett's will was drafted, possibly leading to the alterations made in the will.

On December 4, 1980, the Bracken District Court probated the original will, with the alterations. On August 28, 1981, Marjorie Brewer filed a complaint demanding that the order probating the altered will be set aside. The trial court, thereafter, found that the changes on the original had been made by Mary Jett but refused to probate it, choosing instead to set it aside and probate the unaltered carbon copy. The trial court ruled that Mrs. Jett's attempt to change her will must fail for lack of proper execution and that under the doctrine of dependent relative revocation the unaltered will as originally executed remained in force. The appellants appeal this decision. We reverse.

Appellants urge this Court to find that the changes Mary Jett made to her will were done in accordance with K.R.S. 394.-080, and should be held valid. K.R.S. 394.-080 provides in pertinent part:

No will or codicil, *or any part thereof,* shall be revoked except: (4) by the person who made the will, or some other person in his presence and by his direction, cutting, tearing, burning, obliterating, cancelling or destroying the will or codicil, or the signature thereto, with the intent to revoke. (Emphasis added.)

Appellants cite the following three cases to support their contention that Mary Jett intended to revoke her bequest to Marjorie Brewer and did so properly: *Russell v. Tyler,* 224 Ky. 511, 6 S.W.2d 707 (1928); *Flora v. Hughes,* 312 Ky. 478, 228 S.W.2d 27 (1950); *Stuart v. McWhorter,* 238 Ky. 82, 36 S.W.2d 842 (1931). Each testatrix in the cases cited was found to have revoked a part of her will while the remainder of the will was probated.

Appellants acknowledge that the revocations in the above cases did not result in an increase in the gifts to others named in the wills. However, this is because the statute in effect at the death of those testatrixes provided that void or lapsed gifts passed as in case of intestacy. Section 4843, Kentucky Statutes (later K.R.S. 394.500). In 1974, K.R.S. 394.500 was amended to read:

Unless a contrary intention appears from the will, real or personal estate, comprised in a devise or a bequest incapable of taking effect, shall be included in the residuary devise contained in the will.

Appellants contend that the bequests that Mary Jett revoked, in accordance with K.R.S. 394.500 as amended, would pass to Joseph L. Jett and Ezra Craycraft, the residuary beneficiaries.

The statutory right to revoke includes the right to revoke a portion of the residuary clause. In *Stuart v. McWhorter, supra,* the testatrix revoked the entire residuary clause. Appellants contend that Mary Jett's acts amounted to a revocation of Item IV and a revocation of Marjorie Brewer as a beneficiary under the residuary clause. The fact that Mrs. Jett wrote the words "Take out Item IV" and "one-half (½)" does not change this revocation into something more. These words were surplusage.

Appellants next address the case of *Carpenter v. Wynn,* 252 Ky. 543, 67 S.W.2d 688 (1934), which appellee uses as support for applying the doctrine of dependent relative revocation in the case at bar and which is the only case cited by Judge Hinton in his opinion. In *Carpenter,* the testator left numerous gifts to his children, including gifts of $500.00 to each of two sons. Shortly after executing his will, the testator summoned the draftsman, who was also an attesting witness, and in his presence the testator struck out the word "five" and wrote "seven." Neither the testator nor the draftsman re-signed the will. This will was probated as changed.

Among other issues raised in *Carpenter* on appeal, it was contended that the will as changed should not have been probated because of the manner in which the bequests were changed from $500.00 to $700.00. The court first considered whether this was a revocation. To be given effect, the testator's act of revocation must

be done with an intent to revoke. Next, the court discussed the situation wherein a testator cancels or mutilates a part of his will intending to affect a change in the will, and the testator does not thereafter republish his will. In such a case, the doctrine of dependent relative revocation says the act of cancellation is disregarded because of failure to republish and thereby validate the change. The court is careful to point out that the intent of the testator is paramount; the doctrine applies when the testator intended his cancellation to take effect only if his changes are also valid. When the change is not valid because of lack of republication, the cancellation fails also because of lack of intent to revoke.

In *Carpenter*, the Court found there was no revocation because of the testator's lack of intention to revoke if his change to $700.00 was invalid. The Court does not specifically decide whether the change was invalid.

Appellants next point out a crucial difference in the case at bar and the facts of *Carpenter*. The bequests in *Carpenter* were raised by the testator whereas the bequests to Joseph L. Jett and Ezra T. Craycraft were augmented by the act of revocation. Furthermore, *Carpenter* stands for recognizing the testator's intent as the controlling factor.

▆ We agree with the appellants' position that the district court's probate of Mary Jett's will was proper because Item IV and appellee's name in the residuary clause were deleted by Mary Jett with an intent to revoke *all* gifts to the appellee. Such a revocation would have the statutory effect of increasing the residuary amounts to Joseph Jett and Ezra Craycraft.

Appellee argues that Mary Jett's "markings" were an attempted testamentary disposition and that because of lack of compliance with the requisites of a valid will as set out in K.R.S. 394.040, the changes testatrix made are invalid. Appellee contends that Mary Jett did much more than revoke parts of her will; because the testatrix's changes resulted in a gift, they amount to a disposition.

There is a distinction between a revocation and an alteration, modification or change of a will. Appellee argues that the appellants have tried to read K.R.S. 394.040 as providing for an alteration. While appellee acknowledges that Mary Jett could revoke Item IV, she argues that she could not give Ezra Craycraft and Joseph Jett a larger share of the residue of her estate. The appellee contends that to affect such a gift, Mary Jett must have complied with K.R.S. 394.040.

The appellee next says that this Court must decide whether Mary Jett revoked her will in its entirety or merely revoked it in part. A revocation of the entire will, of course, results in the decedent's estate passing by intestacy. She contends that a partial revocation would result in the devise in Item IV and the residue passing by intestacy. However, K.R.S. 394.500, as amended in 1974, and in effect at Mary Jett's death, provides that "... a bequest incapable of taking effect shall ... be included in the residuary devise contained in the will." She avoids the statute by saying it is immaterial whether K.R.S. 394.500 as amended or prior to amendment applies because "the residuary clause is valid only if the court holds that the will should be probated as originally written based on the doctrine of dependent relative revocation." She further says the statute does not apply to an attempted change as in the case at bar.

The thrust of appellee's position is that the residuary clause of Mary Jett's will was not revoked. Furthermore, she argues that the bequest of one-third of the residue to Marjorie Brewer is saved by the doctrine of dependent relative revocation.

The appellee then addresses the case of *Russell v. Tyler*, 224 Ky. 511, 6 S.W.2d 707 (1928), a case involving partial revocation and the applicability of K.R.S. 394.500 in such a situation. When the testatrix's will in *Russell* was found in her home, paragraphs 1 and 2 had been eliminated by cutting or tearing. The Court found that the testatrix had revoked those clauses, but

the remainder of the will was allowed to stand. Since the will contained a residuary clause, the Court discussed whether the residuary would be affected by the partial revocation.

> There is a diversity of opinion in the various jurisdictions as to the effect of a partial revocation upon a remaining residuary clause; some opinions holding that the latter is augmented to the extent of the revoked legacy; others holding that it is not. *Id.* 6 S.W.2d at 711.

The Court then stated that in Kentucky the question is controlled by Section 4843, Kentucky Statutes (now K.R.S. 394.500) which at the time of the testatrix's death in *Russell* provided that "any devise ... which shall fail or be void, or otherwise incapable of taking effect, shall not be included in the residuary ... but shall pass as in case of intestacy." As mentioned previously, K.R.S. 394.500 as amended in 1974 provides that such devises shall be included in the residuary. Appellee argues that *Russell* cannot be interpreted as being authority for the devises and the revoked clauses in the case at bar being included in the residuary.

Appellee next turns to another case cited by the appellants, *Stuart v. McWhorter*, 238 Ky. 82, 36 S.W.2d 842 (1931). The testatrix in *Stuart* crossed out her residuary clause. On appeal, the court upheld probate of the remainder of the will and said that the decedent died intestate except for the uncancelled devise to her husband. Appellee implies that this partial revocation was upheld because there was no attempt to increase any bequest.

Lastly, appellee tries to distinguish the third case relied on by appellants, *Flora v. Hughes*, 312 Ky. 478, 228 S.W.2d 27 (1950). Appellee says, "Here again we have a case of partial revocation, but no increase in the size of the bequest or devise made to others named in the will." In *Flora*, the will contained six provisions, the sixth being a residuary clause. The testatrix cut Item 5, a money bequest of $500.00, from her will. In upholding the partial revocation, the court cited *Russell v. Tyler, supra,* but did not specifically state that the revoked bequest would pass by intestacy. Under *Russell* and K.R.S. 394.500 before amendment, a revoked gift passed by intestacy and would not have increased the residue. However, K.R.S. 394.500 as amended appears to mandate that it would now be included in the residue.

Appellee next makes another appeal for the doctrine of dependent relative revocation to be applied in the case at bar. She argues that if the doctrine is not applied not only will Marjorie Brewer lose what she was left, but Ezra Craycraft and Joseph Jett will lose their devises because the will was changed without compliance with K.R.S. 394.040 and they will not take as heirs at law. In the concluding pages of her brief, appellee says she does not dispute that Mary Jett's intention was to cancel all of her gifts to Marjorie Brewer. However, Kentucky courts have never allowed intention to substitute for compliance with the statutory requisites for a valid will.

Appellants' reply brief in two pages accurately sums up the positions of both parties and the issues before this Court. The pivotal issues in this case are: (1) whether the testatrix validly revoked Item IV and one beneficiary from the residuary clause; (2) if so, do the revoked devises pass as in intestacy or are they included in the residuary; (3) if they are included in the residuary, does this make the revocations then invalid because they serve to increase the residuary amounts Ezra Craycraft and Joseph Jett will take?

■ It is the opinion of this Court that Mary Jett validly revoked any devises to the appellee, in accordance with K.R.S. 394.080(4); that the revoked devises pass to the residuary clause (K.R.S. 394.500); and that the fact that the residuary amounts are consequently increased has no effect on the validity of the revocation. We therefore reverse the judgment of the circuit court and uphold the district court's probate of the partially revoked will.

ALL CONCUR.