William Jackson BELEW, Lillius Cleo Bingham Russell, Edith Bingham Karr, Hazel Louise Bingham Alsip, Bessie Leland Bingham Mauney, Roy Speed Bingham, Mildred Bingham, Ura Earls Bingham, Gary Gardner Bingham, Joyce Arlene Childers, Michael Duane Bingham, Patsy Ruth Bingham Grant, and Robert G. Grant, Appellants,

v.

Evelyn SHARP, Administratrix with will annexed for the estate of Esther F. Noe, deceased, Harris Terrell, Lena Lay, Lelan Monhollen and Lena Fuson Williams, Appellees.

Court of Appeals of Kentucky.

March 8, 1985.

As Modified on Denial of Rehearing Sept. 20, 1985.

James H. Wren II, Williamsburg, for appellants.

W.M. Cox, Jr., Williamsburg, David W. Burton, Corbin, Ronald K. Bruce, Madisonville, for appellees.

William Jackson Belew, Louisville, pro se.

Lillius Cleo Bingham Russell, Corbin, pro se.

Edith Bingham Karr, Naples, Fla., pro se.

Hazel Louise Bingham Alsip, Covington, pro se.

Bessie Leland Bingham Mauney, Corbin, pro se.

Roy Speed Bingham, Bellevue, pro se.

Mildred Bingham, San Lorenza, Cal., pro se.

Ura Earls Bingham, Corbin, pro se.

Joyce Arlene Childers, Corbin, pro se.

Michael Duane Bingham, Corbin, pro se.

Patsy Ruth Bingham, Odessa, Tex., pro se.

Robert G. Bingham, San Lorenza, Cal., pro se.

Gary Gardner Bingham, Corbin, pro se.

Before McDONALD, MILLER and REYNOLDS, JJ.

McDONALD, Judge:

This is an appeal from the judgment of the Whitley Circuit Court which determined how the estate of the decedent, Esther Noe, should be distributed. Esther Noe died testate on October 31, 1982. Her will contained three paragraphs: The first directed the payment of her debts and funeral expenses; the third provided for the appointment of O.L. Arnold as executor of the will. The second paragraph contained the sole dispositive clause which provided as follows:

> All of the property that I may own or have the right to dispose of at the time of my death, whether real, personal or mixed, and wheresoever situate, I give, devise and bequeath absolutely and in fee simple one-half (½) of all such property that I may own or have the right to dispose of to my brother-in-law, O.L. ARNOLD and his wife, ELLEN ARNOLD, jointly if they each be living and if either of them shall die the survivor shall receive the portion that he or she would have received had they both been living and shall also receive the portion that the deceased one would have received. The remaining one-half (½) of my estate, whether real, personal or mixed, shall pass to my niece, LENA FUSON WILLIAMS and my niece, LILLIAN MIN-

TON, share and share alike, absolutely and in fee simple.

Both O.L. Arnold and Ellen Arnold predeceased Esther leaving no issue. Lillian Minton also died before the testatrix, leaving as her sole heir her son, appellee Harris Terrell. Of the four beneficiaries under the will, only Lena Fuson Williams survived Esther Noe.

This action was commenced below by the administratrix with the will annexed for the Noe estate who sought a determination of the proper distribution of the estate under the will. All the proper parties were joined and the matter was submitted to the trial court on cross-motions for summary judgment. The trial court determined that Lena Williams should receive her one-fourth share of the estate and that Harris Terrell should receive the one-fourth share his mother would have taken had she survived the testatrix. There are no issues raised in this appeal concerning the court's disposition of this half of the estate.

At issue, however, is the court's determination that the half left to the Arnolds should pass to the appellees, the heirs at law of Esther Noe. The appellants are the beneficiaries under the will of O.L. Arnold and the heirs or beneficiaries of two deceased beneficiaries under the Arnold will. It is their contention that K.R.S. 394.400, our anti-lapse statute, requires the distribution to them of that portion of the Noe estate devised to the Arnolds as, they argue, there is a strong presumption against a partial intestacy and that it is plain from her will that Esther Noe did not intend to die, wholly or partially, intestate.

The general legal principles appellants advocate are sound. However, their argument that K.R.S. 394.400 requires a disposition in their favor is untenable. K.R.S. 394.400 provides as follows:

If a devisee or legatee dies before the testator, or is dead at the making of the will, *leaving issue* who survive the testator, such issue shall take the estate devised or bequeathed, as the devisee or legatee would have done if he had survived the testator, unless a different dis-

position thereof is made or required by the will. (4841.) [Emphasis our own.]

■ It is clear, as a matter of law, that as the Arnolds died leaving no issue, the provisions of the anti-lapse statute do not apply to their collateral relatives or beneficiaries. The appellants' reliance on *Tagnon's Administratrix v. Tagnon*, 253 Ky. 374, 69 S.W.2d 714 (1934), and *Dillender v. Wilson*, 228 Ky. 758, 16 S.W.2d 173 (1929), is misplaced. The devisee in each of those two cases died before his respective testator leaving issue who were allowed to take under the wills pursuant to section 4841 of the Kentucky Statutes, the predecessor to our current anti-lapse statute.

■ It is our opinion, however, that the judgment must be reversed as the trial court erred as a matter of law in ruling that the lapsed gift to the Arnolds passes to Esther's heirs at law. Our lapse statute, K.R.S. 394.500, states, "Unless a contrary intention appears from the will, real or personal estate, comprised in a devise or bequest incapable of taking effect, shall be included in the residuary devise contained in the will." The appellees insist this statute is not applicable as the will does not contain a residuary devise as contemplated by the statute. If the will is deemed to contain such a clause, they argue, the lapsed gift to the Arnolds is in the residuum itself making the statute ineffectual to dispose of the gift. We disagree with both contentions.

■ Clearly, paragraph two of Esther's will is a residuary devise. *See Howe v. Howe's Ex'x*, 287 Ky. 756, 155 S.W.2d 196, 201 (1941). Furthermore, K.R.S. 394.500 pertains to bequests or devises incapable of taking effect regardless of their location in the will. Prior to 1974, K.R.S. 394.500 provided that lapsed gifts should pass to the heirs at law of the testator. However, the statute was amended in that year to provide, as set forth above, for the distribution of such gifts to the residuary legatees. "... [T]he law in effect at the time of the testator's death controls the construction of this will...." *See Scroghan v. Lan-*

*ders,* Ky., 328 S.W.2d 411 (1959). That a lapsed gift is in the residuum itself, we believe, is of no consequence to the operation of the statute unless, of course, there is only one beneficiary named in the residuum. *See* 80 Am.Jur.2d *Wills* § 1695 (1975). We find further support for our decision in *Conley v. Brewer,* Ky.App., 666 S.W.2d 751 (1983), wherein this court held that the revoked portions of the will in that case, including a portion of the residuary clause, passed to the remaining residuary devisees and not to the heirs at law of the testatrix.

This case is remanded to the Whitley Circuit Court with directions to vacate that portion of the judgment in favor of the heirs at law of Esther Noe and to enter a judgment directing distribution of the estate in equal shares to the surviving residuary legatee, Lena Fuson Williams, and to the issue of Lillian Minton, Harris Terrell.

All concur.