RENDERED: NOVEMBER 3, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0139-MR

TRACY NAPIER AND FAIRLEY
DEWAYNE NAPIER                                                      APPELLANTS


                          APPEAL FROM JACKSON CIRCUIT COURT
v.                        HONORABLE OSCAR G. HOUSE, JUDGE
                          ACTION NO. 21-CI-00073


GREG COMBS, INDIVIDUALLY,
AND IN HIS CAPACITY AS
EXECUTOR OF THE ESTATE OF
SHARON ANN COMBS, DECEASED;
JOEY COMBS; AND SANDRA
COMBS TAYLOR                                                         APPELLEES


OPINION
REVERSING
AND REMANDING

** ** ** ** **

BEFORE: COMBS, JONES, AND McNEILL, JUDGES.

COMBS, JUDGE: Appellants, Tracy Napier and Fairley Dewayne Napier, appeal

the summary judgment of the Jackson Circuit Court that was entered on January 4,

2023, concerning the provisions of the joint will of Sharon Combs (the Napiers'
mother) and Buford Combs, her husband. After our review, we reverse and
remand.

At the time of their marriage, each of the Combses had children from
previous marriages. Buford was 15 years older than Sharon. They agreed to
execute a joint will, which was drafted by an attorney, Phyllis L. Robinson, in
2013. In its entirety, provided as follows:

> We, Sharon Ann Combs and Buford Combs, being over
> 18 years of age, being of sound mind and disposing
> memory, and realizing the natural objects of our bounty,
> do hereby make, publish, and declare this instrument of
> writing to be our Joint Will, hereby revoking any and all
> wills by us heretofore made and agreeing that this is a
> contract to make a will.

> ### ITEM 1

> We direct and nominate Greg Combs as Executor and he
> shall pay all our just debts and funeral expenses
> forthwith.

> ### ITEM ll (sic)

> We, Sharon Ann Combs and Buford Combs, in the event
> we die in a common disaster or so close in time as to
> make separate estates impractical, bequeath and/or
> devise, to the following named children, all monies,
> personal belongings, personal effects, life insurance, or
> any other personalty that we may own at the time of our
> respective deaths to our children to be divided by them.

> We devise our home in fee simple and with absolute
> ownership to them and with direction to sell and divide

the proceeds equally between Greg Combs, Sandra Combs Taylor, Joey Combs, Tracy Lee Napier, and Fairley Dwayne Napier.

Buford Combs died on October 12, 2020, at the age of 81. Based on a petition to the court, an order dispensing with administration of his estate was entered in Jackson District Court on November 17, 2020. The petition stated that Buford Combs died intestate.

Sharon Ann Combs died unexpectantly a couple of months later on January 5, 2021. She was 67 years of age. The Napiers were appointed co-administrators of her estate. In April 2021, Greg Combs filed a petition to probate an unsigned copy of the joint will as a lost, misplaced, or destroyed last will and testament. Following a hearing, Greg Combs was appointed executor of the estate, and a copy of the unsigned joint will was admitted to probate.

On June 29, 2021, Tracy Napier and Fairley Dewayne Napier filed a declaratory judgment action in Jackson Circuit Court. Because Sharon Ann Combs and Buford Combs had not died in a common disaster "or so close in time as to make separate estates impractical," the Napiers contended that their mother died intestate.

The Combs heirs answered the complaint and filed a counterclaim. They contended that Sharon Ann Combs and Buford Combs intended to divide the entirety of their estates equally among Greg Combs, Sandra Combs Taylor, Joey

Combs, Tracy Lee Napier, and Fairley Dewayne Napier. They argued that the court should interpret the will in conformity with that intention. In the alternative, they contended that the trial court should reform the will by striking the clause "in the event we die in a common disaster or so close in time as to make separate estates impractical" as being "nonsensical." The Napiers replied to the counterclaim and denied that the will could be reformed.

In January 2022, the Napiers filed a motion for judgment on the pleadings. They argued that the provisions of the joint will were clear and unambiguous and that neither event addressed by the provisions of the will had come to pass. The Combses opposed the motion. They argued that language of the will was ambiguous, nonsensical, and/or a result of scrivener's error. They attached to their response the sworn testimony of attorneys Phyllis Robinson and Juliana Coffey, who testified before the district court in April 2021. The circuit court denied the motion for judgment on the pleadings by order entered on March 8, 2022. The Napiers filed a motion requesting a final hearing.

On March 25, 2022, the Combses filed a motion for summary judgment. They again argued that the disputed provision was ambiguous, nonsensical, and/or a result of scrivener's error.

The Napiers filed a response. They contended that the provisions of the will were clear; *i.e.*, that in the event the couple died simultaneously or nearly

simultaneously, the children would share equally the couple's estate. In light of the substantial difference in the couple's ages, the Napiers argued that it was reasonable for the couple to have assumed that Buford likely would die first; that, thereafter, the assets of the estate would be consumed entirely or largely in support of Sharon Ann; and that, thereafter, Sharon Ann would dispose of her own estate at the time of her death. But in the event that they died together or at nearly the same time, the couple made provision for the estates that they would leave behind. The Napiers argued that the court was not at liberty to consider the testimony of the attorneys in order to vary the will's plain meaning.

Judgment was entered in the circuit court on January 4, 2023. The court concluded that proceeds from the sale of the real property would be equally divided among the parties; that the provision concerning the personalty was "inconclusive and nonsensical"; and that it would rely upon extrinsic evidence in order to ascertain the intent of Sharon Ann Combs. It concluded that there was no better source than Phyllis Robinson, who drafted the instrument and testified that Buford and Sharon Ann intended to divide their estates equally between Greg Combs, Sandra Combs Taylor, Joey Combs, Tracy Lee Napier, and Fairley Dewayne Napier. "This assertion is corroborated by Attorney Juliana Coffey, who met with Sharon Ann Combs to discuss the estate of Buford Combs."

The court concluded and ruled that Sharon Ann Combs did not intend to die intestate; that the will did not clearly dispose of her property; and that extrinsic evidence proved that she intended for her estate to be divided equally among her children and stepchildren. The Napiers' motion for a final hearing was denied as moot. This timely appeal followed.

On appeal, the Napiers argue that the circuit court erred by granting summary judgment to the Combses. They argue that the language of the will is plain and that the couple's estate was to be divided among all five children **if and only if** Buford and Sharon Ann died together or so close in time as to make separate estates impractical. We agree that the language is unambiguous in support of the Napiers' contention.

Summary judgment is properly granted where "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[1] 56.03. Because summary judgment involves only questions of law and not the resolution of disputed material facts, we do not defer to the trial court's decision. *Goldsmith v. Allied Building Components, Inc.*, 833 S.W.2d 378 (Ky.

---

[1] Kentucky Rules of Civil Procedure.

1992). Instead, we must review the decision *de novo*. *Cumberland Valley Contrs., Inc. v. Bell County Coal Corp.*, 238 S.W.3d 644 (Ky. 2007).

The will of a testator is, without exception, the last word concerning disposition of his estate. *Huffman v. Payne*, 300 S.W.2d 785 (Ky. 1957). "When his lips are sealed, the courts must be very careful not to make a redistribution of his property on the basis of parol proof that he had a different intention from that expressed, or because it would be more beneficial to one of the objects of his bounty if a different disposition was made." *Id.* at 786-87. "If verbal declarations of a testator were admissible in interpreting a will, it can be readily seen that the proof of such declarations might result in an entire change of the intentions of the testator as expressed in the will . . . ." *Martin v. Palmer*, 193 Ky. 25, 234 S.W. 742, 743 (1921). "[I]t is a universal principle that, where there is no ambiguity arising from the language of the will as to the subjects of devise or the objects thereof, extrinsic testimony is not admissible for the purpose of showing that it was the intention of the testator to refer to a different object than the one named in the will . . . ." *Violett's Adm'r v. Violett*, 217 Ky. 59, 288 S.W. 1016, 1018 (1926). "It is only where the language of a will is uncertain and doubtful, or contains a latent ambiguity, that extrinsic evidence may be admitted for the purpose of explaining the will, the situation of the testator, and the facts and circumstances surrounding

him at the time of the execution of the will." *White v. Ponder*, 180 Ky. 386, 202 S.W. 867, 869 (1918).

The couple's joint will provides for the disposition of their estates only where they either died in a common disaster or so close in time as to make separate estates impractical. If either of these two events had occured, the will directed that their personal property be bequeathed and their real property devised in fee simple to their five children. However, where neither of these events occurred, the will did not dispose of **any part** of their estates.

Providing for such a contingency is not uncommon; their decision to do so was entirely reasonable. The will is clear on its face; it specifically designates its purpose. It is short, definite, and wholly unambiguous. A reading of its provisions is not "inconclusive," nor are its provisions "nonsensical." Instead, its meaning is plainly expressed by the words used. Consequently, reference to extrinsic evidence was not only unnecessary but wholly impermissible under the circumstances of this case.

The summary judgment of the Jackson Circuit Court is reversed, and this case is remanded for entry of judgment consistent with this Opinion.

ALL CONCUR.

BRIEF FOR APPELLANT:   BRIEF FOR APPELLEE:

Darrell A. Herald     Ross E. Murray
Jackson, Kentucky     McKee, Kentucky