### Lawrence, et al. v. Carrithers, et al.

(Decided Sept. 21, 1910.)

### Appeal from Shelby Circuit Court.

Wills—Devise of Land—Estate Conveyed—J. H. Stout died in 1860, leaving a will in which he devised all his personal and real estate and slaves to his two daughters, Martha and Mary Stout. A tract of 460 acres of land was devised to his daughter Mary, now Mrs. Carrithers, "for her use and to the heirs of her body forever, to be held in trust by her trustee, J. D. Veech, for her benefit and the heirs of her body forever," and further provided: "I desire it to be well understood that my wish is that my lineal descendants shall enjoy the benefit of both portions as long as the law of the land will permit me to entail it,—that if either branch fails to exist, the other branch shall enjoy it." Held, that under the common law, the estate devised to Mary E. Stout, now Carrithers, was a fee tail, which by sec. 2343, Ky. St., is converted into a fee simple estate.

GEO. L. PICKETT for appellants.

PEAK, HOLLAND & DAVIS, and J. C. BECKHAM & SON, for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This appeal involves the construction of the last will and testament of J. H. Stout, who died a resident of Shelby county, Kentucky, in the year 1860. The will is as follows:

"I, J. H. Stout, of the county of Shelby and Commonwealth of Kentucky, do hereby make my last will and testament in manner and form as follows, that is to say:

"1st. I desire that what little personal property I have besides the furniture in the house, shall privately or publicly be sold and the proceeds added to the cash and cash notes on hand, out of which my debts and expenses shall be paid, the residue, together with the rest of the land and hire of negroes, until the 25th day of December, 1862, I desire to be appropriated in the following manner, viz: Three hundred dollars a year to clothe and school my young daughter, Martha, with the addition of $400 to buy her a piano-forte in the summer of 1861. The balance, say $13,000.00, more or less, I desire to be used in the payment of land for the use and benefit of my daughter, Mary E. Carrithers, the deed to be made to James D. Veech, or some other fit person as trustee, for the benefit of said Mary and to the heirs of her body forever.

"2nd. I desire that one-half of the farm or tract of land, I now live on, to be reserved for a burying ground while the family burying ground is now free for the use of all relatives and neighbors wishing to use it for that purpose. The whole tract containing about 460 acres (except as above) I desire for the use of my young daughter, Martha E. Stout, and to the heirs of her body forever, to be held in trust by the above-named A. D. Veech, for their benefit. I desire it to be well understood that my wish is that my lineal descendants shall enjoy the benefit of both portions as long as the laws of the land will permit me to entail it, that if either branch fails to exist, the other branch shall enjoy both portions forever.

"3rd. I give to my daughter, Mary, four negroes, one a man, Nelson, a woman, Nan, or Nancy, her daughter, Hannah, and son, Jack. I also give my daughter, Martha, four, viz: McHenry, Charles, Sarah and Betty. Also I give both daughters equal portions of the furniture in the house, to be divided equally, as they may choose.

"4th. I desire my son-in-law, A. P. Carrithers, to be executor, to execute my last will and testament, and Martha shall not be charged with his personal expenses, as he has nothing to do for her, but give her portion over to her or her guardian at the proper time. (December 25th, 1862.)

"Written and signed by my own hand, this the 1st day of March, 1860."

The question arises in the following manner: On May 5th, 1910, appellee, Mary E. Carrithers, and her daughter, the appellant, Mamie C. Lawrence, entered into a contract, by the terms of which appellee sold and agreed to convey, by good and sufficient deed, to appellant one undivided one-third interest in and to 211 acres of land situated in Shelby county. Appellant, Mamie C. Lawrence, refused to comply with the contract and accept the deed made by appellee, Mary E. Carrithers, on the ground that appellee did not have a fee simple title to the property involved. The trial court held that Mary E. Carrithers took under the will of her father, J. H. Stout, an absolute estate in fee simple in and to the property in controversy, and that the deed tendered was good and sufficient.

It is insisted by counsel for appellants, that Mary E. Carrithers has only a defeasible fee in the property subject to be defeated by her death without children. To sustain their contention, particular stress is laid upon the following language: "I desire it to be well understood that my wish is that my lineal descendants shall enjoy the benefit of both portions as long as the laws of the land will permit me to entail it, that if either branch fails to exist, the other branch shall enjoy both portions forever." We are unable, however, to agree with this contention of counsel. Under the common law the estate devised to appellee, Mary E. Carrithers, was a fee tail, which, by section 2343, Ky. St., is converted into a fee simple. The clause above set out and relied upon by appellants as showing the intention of the testator, is ineffective for any purpose. In it the testator expressed a desire to entail the estate as long as the law permitted him to entail it. As a matter of fact, he could not entail the estate at all, much less for any length of time. That being the case, he failed to place upon the estate devised any legal and binding limitation.

Judgment affirmed.