## Miller v. Miller.

(Decided January 16, 1913.)

## Appeal from Larue Circuit Court.

Wills—Construction—Estates Created—Conversion Into Fee Simple.—
Any limitation in a will, which prevents the vesting of an estate,
for a period beyond the life or lives in being, and twenty-one years
and ten months thereafter, is in violation of the statute against
perpetuities, inoperative and void; and has the effect to create
a fee in the last person, who, under said statute, is authorized to
take it.

C. M. MATHER, for appellant.

WILLIAMS & HANDLEY, for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

Jesse H. Rodman died testate, a resident of LaRue
county, Kentucky, in 1875. His will was probated in due
time. He left surviving him two sons and two daughters.
By his will he gave all of his property to his four chil-
dren. Ursula, who married T. H. Miller, has since died.
She left surviving her, as her only heir at law, one child,
Stanley B. Miller. He brought suit to have the will of
his grandfather construed and for the court to determine
what interest, if any, he had in the landed estate devised
to his mother. The eleventh clause of the will is as fol-
lows: "The portion of my estate herein devised to my
daughter, Ursula Miller, and her children I desire to be
for her sole and separate use and under her control,
during her life, and at her death to go to her children.
In the event of a failure of issue of my said daughter
before or after her death, I devise the property herein
devised to her to my other children." In clause two of
said will, the testator directs that his estate be divided
into four equal shares except as otherwise set out in the
will. In clause three, he directs where the interest of
Ursula shall be laid off. In clause six, he directs and
provides for the value of the estate, which shall be laid
off to Ursula and her children. These clauses are the
only ones throwing any light upon this bequest. It is
insisted that, under said clauses of the will, Ursula Miller
took a life estate and that, upon her death, the fee vested
in her children, who survived her; and that the attempted
limitation over is void. The chancellor adopted this view
and held that Stanley B. Miller, as the only heir at law
of his mother, Ursula, owns the fee simple title to said

property. O. M. Mather, guardian ad litem for Mabel Way Miller, infant child of Stanley B. Miller, not being satisfied with the correctness of this ruling, appeals.

The sole question involved is the construction of clause eleven, or the following language thereof: "in the event of a failure of issue of my said daughter before or after her death, I devise the property herein devised to her to my other children." It appears that, at the time this will was written, Ursula Miller had one child, Stanley B. Miller, who was then about six months old. The testator died shortly after the will was written. The inquiry is: What was the purpose of the testator in the use of the words, "in the event of a failure of issue of my said daughter before or after her death?" He could not have used the word "issue" in the sense of "children," for the use of the words "after her death" precludes such an idea. It must have been used then in the sense of "heirs," and the testator undoubtedly was aiming to provide for such disposition of the property that, if his daughter died leaving no children or heirs surviving her, or if she died leaving children or heirs surviving her and they should thereafter die, leaving no children or heirs surviving them, then, in either event, the property should pass to his other children, or their representatives. Thus, the evident intent was to tie up the estate for an indefinite time, or, at least, for a period beyond that which, under the statute against perpetuities, he might do so. Section 2343 of the statutes was enacted to meet cases of this character. It provides:

"All the estate heretofore or hereafter created, which, i.1 former times, would have been deemed estates entailed, shall henceforth be held to be estates in fee simple; and every limitation on such an estate shall be held valid, if the same would be valid when limited upon an estate in fee simple."

Under the provisions of the will in question, Ursula Miller took a life estate, and, as she left surviving her the appellee, her son, the fee simple title to the property became absolute in him. If it should be held that the fee does not vest, or become absolute, in appellee, then it could not become absolute in his infant child, Mabel Way, now of tender years and born more than thirty-five years after the death of her grandfather. Indeed, but for the operation of the statute, the vesting of the fee to this property would be suspended indefinitely and until such time as there should be a failure of lineal descendants

of appellee.    Any limitation which provides for the vesting of an estate at a period beyond the life or lives in being and twenty-one years and ten months thereafter, is violative of the provisions of the section of the statutes above quoted, and hence, inoperative and void, and has the effect of creating a fee in the last person who, under the statute, is authorized to take it.   This construction is supported by the following authorities:   Watkins v. Pfeiffer, 29 Rep. 97; Edwards v. Walesby, 30 Rep., 251; Taggert v. Taggert, 121 S. W., 693; Lawrence v. Carrithers, 140 Ky., 6; and Fox v. Fox, 144 Ky., 632.

Judgment affirmed.