## Slone v. Mason Coal & Coke Company, et al.

(Decided February 24, 1916.)

### Appeal from Pike Circuit Court.

Wills—Issue—Construction of Statutes.—The word issue in Section 4841 of the Kentucky Statutes means lineal descendants, and does not include ancestors.

CHILDERS & CHILDERS, SAM C. STOWERS and F. W. STOWERS for appellant.

J. J. MOORE, YORK & JOHNSON and BUTLER & MOORE for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Elbert Rowe made a will devising his property to his bastard child, Rosa Hester Slone, who died without issue seven days before the testator. The testator, Elbert Rowe, left no widow or children, and his mother and father were dead, but he was survived by a brother and nephew, who are appellees.

The only question in this case is whether appellant, mother of the devisee, under said will, is the owner of the property left by said testator, or whether same belongs to his brother and nephew, and that question depends solely upon the meaning of the word "issue" in section 4841 of the Kentucky Statutes. Said section is as follows:

"If a devisee or legatee dies before the testator, or is dead at the making of the will, leaving issue who survive the testator, such issue shall take the estate de-

vised or bequeathed, as the devisee or legatee would have done if he had survived the testator, unless a different disposition thereof is made or required by the will.''

Counsel for appellant insist that the word ''issue'' used in said section is synonymous with the word ''heir,'' and that in contemplation of said statute the mother is the issue of her own child. In addition to the clever, if not convincing, argument of counsel for appellant, he presents as authority for said argument the following, in reference to sections 1400, 1401 and 4841 of the Statutes, found in Cherry v. Mitchell, 108 Ky., 1:

''We think all these provisions mean the same person whether designated as heirs, descendants or issue.''

And again in the same opinion in reference to section 463 of the Kentucky Statutes, which provides that the word issue as applied to the descent of real estate, shall be construed to include all the lawful lineal descendants of the ancestor, this court said:

''That the words 'lawful lineal descendants of the ancestor' were apparently used to designate all those persons who might lawfully inherit the estate.''

Those statements by this court, while true in reference to the facts then before it, were evidently made inadvertently and were much broader than was necessary in the decision of that case, and in our judgment entirely too broad to be true generally.

The only question involved in that case was whether or not a bastard child, under section 4841 of the Kentucky Statutes, inherited property devised to its mother by her father when the mother died prior to the death of the testator; and the only thing decided in that case was that the word ''issue'' in said section applied to the bastard child as the heir of the mother. So far as the facts and decision in that case were concerned, any one of said words, ''heirs,'' ''descendants'' or ''issue,'' would have had the same effect, and it was not material or necessary to notice their differences in meaning.

In the instant case, however, to regard the differences in the meaning of these words would lead to different results dependent upon which word is used, and they cannot be used synonymously. We, therefore, find ourselves unable to consent that the *obiter dicta* in the Cherry v. Mitchell case are binding when the facts are entirely different from those in that case, and were not

in contemplation when said statements were made. Such statements always must be read in connection with the facts of the particular case in which they are made, and while it is true that the word "issue" may be construed sometimes so as to mean "heirs," when such meaning is given to it, it must be by force of its connection and association with other words or peculiar facts. Miller v. Miller, 151 Ky., 563; Bonnycastle v. Lilly, 153 Ky., 834.

No such words of reference are used in connection with the word in the statute under consideration; nor are there any facts involved in this case to warrant such a construction here.

Both the ordinary and technical meaning of the word "issue" are too well established to render a discussion thereof either necessary or profitable. It is sufficient to state that the construction sought by appellant, that it includes ancestors, is not only unsupported by authority, but is in direct opposition to all definitions and constructions of the word that we have been able to find. Webster's New International Dictionary; Bouvier's Law Dictionary; 14 Cyc., 38; 25 Cyc., 1442; 2 Jarman on Wills, 33; Tichenor v. Brewer, 98 Ky., 349; Words and Phrases, 2nd Series, vol. 2, p. 1212; and besides, would do violence to our statutory definition, which is in language so plain and unambiguous as to forbid, rather than warrant, a judicial construction based upon a speculation of the legislative intent.

Wherefore the judgment is affirmed.