## Bourne's Executor v. Edwards (and four other cases.)

(Decided February 7, 1928.)

### Appeal from Jessamine Circuit Court.

1. Wills.—Under Ky Stats., secs. 4841, 4843, where testator's wife, his son, and latter's adopted child predeceased testator, neither the wife of testator's son nor the kindred of testator's wife, nor the adopted child of the son took any interest in the estate of testator, under the will containing certain bequests to wife and children.

2. Executors and Administrators.—Where the sole heirs negotiated a settlement with debtor of the estate, securing all that could be obtained in satisfaction of the debt in view of the fact that debtor was insolvent, trial court properly approved the transaction with the condition that the executor was entitled to reasonable commission as if he had made collection.

3. Descent and Distribution.—Where cash on hand and personal property was sufficient to fully satisfy all of testator's debts, including cost of administration, so that there was no occasion for executor to dispose of real estate, part of which passed to heirs of testator under the laws of descent and distribution, forcible detainer proceedings instituted by executor against tenants of such heirs held properly dismissed.

N. L. BRONAUGH, L. SAUNDERS, WOODSON SCOTT and SMITH & REYNOLDS for appellant.

HARRY A. SCHOBERTH and FIELD McLEOD for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

These five consolidated cases grow out of a controversy between the executor of the will of W. T. Bourne

on the one side and the heirs of W. T. Bourne on the. other. The chancellor entered the following judgment:

"It appearing to the court that the foregoing actions all relate to the same or cognate matters, it is ordered that they be consolidated and submitted to the court for opinion and judgment of matters involved being heard in the pleadings. It is adjudged that the heirs at law of Nannie Bourne, that Mrs. Ike Bourne, now Minnie Pearl Bourne Long, that the adopted child of Ike Bourne nor his heirs at law, if any, and none of them, has or have any interest in the estate of W. T. Bourne.

"It is adjudged that the entire estate of W. T. Bourne, after payment of debts, reasonable costs of administration, and the cost of a monument, belong to Paul Bourne and Lena Bourne Edwards, equally.

"The Harrison Duncan notes came into the hands of the executor as personal property, and it was his duty to collect same by legal process, if necessary.

"It appearing to the court, however, from the pleadings that Duncan is insolvent and had no property out of which could be collected except the land upon which the notes were a lien, and it further appearing to the court that prior to the institution of this suit, and without the knowledge of the executor, the said Duncan in consideration of the agreement of Paul Bourne and Lena Bourne Edwards to surrender the notes conveyed the land to Paul Bourne and Lena Bourne Edwards, it is ordered that this suit be dismissed without prejudice, and upon the settlement by the executor he is credited with the amount of such notes and interest and one-half of such sum be charged each to Paul Bourne and Lena Bourne Edwards, and the executor shall be credited with a reasonable commission upon the amount of said notes and same be canceled and delivered to Duncan.

"This case of W. T. Bourne's executor against Joe Edwards (No. 940), and W. T. Bourne's executor against Paul Bourne, etc. (No. 939), and W. T. Bourne's executor against Al Temple (No. 948) are dismissed without prejudice.

"It appearing from the pleadings that there are sufficient funds in the hands of the executor to

pay all debts and cost of litigation and to erect a monument, it is ordered that the executor and Paul Bourne and Lena Bourne Edwards shall submit to the court suggestions as to the design and cost of such monument, and when the same is determined upon by the court the executor will cause same to be erected as provided by the will.

"The executor will, as soon as the cost of the monument is ascertained, proceed to settle this estate with John H. Welch, special master commissioner of this court, who is appointed for this purpose, and pay the balance shown to be in his hands to Paul Bourne and Lena Bourne Edwards, equally."

W. T. Bourne died in 1925, leaving a will. At the time the will was written his wife, Nannie Bourne, was living, as were three of his children. Nannie Bourne, the wife, died before her husband, leaving no children. The three children referred to above were the children of W. T. Bourne by a prior marriage. They were Lena Bourne Edwards, Paul Bourne, and Ike Bourne. Ike Bourne died before his father. He had adopted a child, but the child died before the death of W. T. Bourne. Nannie Bourne, the wife, Ike Bourne, the son, and the adopted child of Ike Bourne all predeceased W. T. Bourne. Ike Bourne left no issue. When testator died, therefore, he had no heirs except his two children, the appellees Paul Bourne and Lena Bourne Edwards. In one of the consolidated actions the executor suggests that the brothers and sisters of testator's wife, the widow of Ike Bourne, and the adopted child of Ike Bourne have an interest in the estate of the testator. It is suggested that the devises and bequests to testator's wife are absolute and unconditional. Section 4841, Ky. Stats., provides that if a devisee or legatee dies before the testator, leaving issue who survives the testator, such issue shall take the estate devised or bequeathed as the devisee or legatee if he had survived the testator unless a different disposition is made or required by the will. Section 4843, Ky. Stats., provides that unless a contrary intention shall appear by the will, such real or personal estate as shall be comprised in any devise in such will which shall fail or be void or otherwise incapable of taking effect shall not be included in the residuary devise contained in such will, but shall pass as in case of intestacy. Under these provisions of the statute, the widow of Ike Bourne took no interest in the estate of the testa-

tor under the will, and neither did the kindred of Nannie Bourne take any interest, and the same is true as to the adopted child of Ike Bourne. The property devised or bequeathed to Nannie Bourne and Ike Bourne passed as in case of intestacy to Paul Bourne and Lena Bourne Edwards.

Among the assets of the estate of the testator were two notes executed by Harrison Duncan, aggregating $4,000, secured by a mortgage on a tract of land, and testator was surety for Duncan for another note for $2,300, and as indemnity against loss by reason of such suretyship he had a mortgage on the same land. The note for $2,300 was paid by the executor, and Duncan became indebted to the estate in the sum of $6,300, plus interest, which indebtedness was secured by a mortgage on the Duncan land. There were no other liens against the land. Paul Bourne and Lena Bourne Edwards negotiated a settlement with Harrison Duncan whereby he conveyed to them the tract of land, and they in turn agreed to cancel and surrender to him the notes. They contend that this was done at the request of the executor, which he denies. The effect of this transaction was to vest the title to the tract of land in those who were entitled to the proceeds of the notes. Duncan was insolvent, and the land or its proceeds was all that could be obtained in satisfaction of the debt. Undoubtedly the executor was entitled to collect these notes, and, insisting upon his rights, he instituted suit to collect the notes after the transaction above mentioned. The chancellor approved what had been done by the heirs at law of the testator, holding, however, that the executor was entitled to a reasonable commission the same as if he had collected the notes. We see no reason to disturb the judgment of the chancellor on this point.

Two of the other consolidated actions are forcible detainer proceedings against tenants of the heirs of the testator in possession of lands rented to them by these heirs. By the seventh clause of his will testator gave one-half of the two certain tracts of land to his wife and the other half to his three children. This land all passed to the two living heirs and they took possession of it. The executor, conceiving that under the eighth clause of testator's will he had full power to dispose of, transfer, and deliver all the property mentioned in the seventh paragraph of the will, instituted these preceedings against the tenants so that he might obtain possession of the

land. The will does not vest the title to the property in the executor, and in fact the will did not operate at all as to these two tracts of land except to the extent of one-third thereof. Two-thirds passed to the heirs of testator under the laws of descent and distribution. It seems to be admitted that the cash on hand and the personal property was sufficient to fully satisfy all the debts of testator, including the cost of administration, and if this is true there was no occasion for the executor to dispose of this real estate. The heirs were entitled to the possession of it, and they were entitled to rent it as rents accruing after the death of the testator do not belong to his estate, but to the heirs and devisees. The executor, if it be true that it was not necessary to sell this real estate to pay debts or cost of administration, had no occasion to either hold possession of the property or dispose of it in any way. The lower court dismissed the forcible detainer proceedings, and we agree with his conclusions in so doing. It would be a strained construction of the eighth clause of the will if it should be held that the executor was given the power to dispose of the real estate mentioned in the seventh clause if it was unnecessary that the real estate be sold in the settlement of the estate. The judgment of the chancellor is in harmony with the conclusions we have reached.

Judgment is affirmed.