## Driskill et al. v. Driskill's Adm'r et al.

January 27, 1948.
Rehearing denied June 25, 1948.

628

Finn & Orendorf, L. B. Finn and Hubert Meredith for appellants.

Dan M. Griffith and Thacker & Sweeney for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appellants, relatives of C. A. Driskill, deceased, instituted this action wherein they set up a claim to the Driskill estate. The appeal is from a judgment in favor of the appellees, the heirs of Mrs. C. A. Driskill. The basis of the claim of the appellants is that the Driskill estate was impressed with a constructive trust when it came into Mrs. Driskill's hands under her husband's will. It was alleged that Mr. Driskill agreed to leave his property to his wife in consideration of her agreement to hold it in trust during her lifetime for his next of kin and to leave the undisposed of part to Mr. Driskill's heirs at her death. When her husband died in 1942 Mrs. Driskill took all of his property under a will which he had made in April, 1930. In the fall of 1929 Mrs. Driskill made a will under which her husband was named as the sole beneficiary. The appellants concede that by virtue of KRS 394.400, as construed by this Court in the case of Slone v. Mason Coal & Coke Co., 168 Ky. 697, 182 S. W. 929, the will of Mrs. Driskill, who was predeceased by her husband, was ineffectual. They contend that she agreed orally to leave the property to her husband's next of kin.

Both parties agree that, since the alleged agreement was an oral one, it comes within the Statute of Frauds, unless it can be shown by clear and convincing proof that Mrs. Driskill accepted the property under her husband's will, with the understanding and agreement that it would pass to his heirs upon her death. Shrader's Ex'r v. Shrader, 228 Ky. 374, 15 S. W. 2d

246, 66 A. L. R. 139. It is pointed out further in the Shrader Case that such an agreement would be binding only as to property coming into the hands of the first devisee by virtue of the agreement and would not apply to his interest in any property owned jointly with the testator. We may say at this point that there is some evidence tending to show that some of the property involved in the case at bar was held in Mr. Driskill's name, some in that of Mrs. Driskill, while other pieces were held jointly. But, since we think the judgment of the chancellor must be upheld because the proof advanced by the appellants in support of the alleged agreement between Mr. and Mrs. Driskill falls short of the test heretofore stated, it is unnecessary to discuss that phase of the case.

In 1923 Mr. Driskill made a will in which he named his wife the sole beneficiary. We have noted that his will made in 1930 was of like tenor. In a letter which Mr. Driskill wrote to his wife from Battle Creek Sanatorium, in April, 1942, he said he had promised none of his relations anything, that the will made by Judge Roby (the 1930 will) was the only one in existence, and that "You are the only one I want to have anything I have." Judge Roby prepared Mr. Driskill's will in 1930. This witness said Mr. Driskill told him how he wanted his will written, and when asked about his relatives he said that his mother and father were dead. In response to a question concerning his brothers and sisters, his answer was: "* * * He said no, he said Mabel and I by our best efforts have acquired most of the estate that I have and if I leave it to my brothers they will just squander it." A business acquaintance and two persons who had been employed by Mr. Driskill testified in effect that they had heard him say he had no children and that he wanted his wife to have his property when he died. There was other testimony showing that ill feeling existed between Mr. Driskill and some of his relatives.

The testimony for the appellants tended to show that Mr. Driskill had told three or four persons he and his wife had everything arranged and that they had two separate wills. The substance of this testimony was that if Mr. Driskill died first the property was to go to his wife, and if she died first it was to come back

to him, and when both were dead it was to go to his heirs. One witness said such statements were made in the presence of Mrs. Driskill.

We do not think that the evidence offered by the appellants raises more than a question of doubt as to the correctness of the chancellor's ruling. Certainly, it does not meet the test of clear and convincing proof in support of the alleged oral contract. Under such circumstances the chancellor's ruling will not be disturbed. Furthermore, it must not be overlooked that on three occasions, in two wills and in the letter written in 1942, Mr. Driskill had indicated that his wife was to be the sole beneficiary. If he had intended that she have only a life estate in the property, this could have been indicated very readily in the writings. It is significant also that Judge Roby stated in clear and unequivocal terms that Mr. Driskill manifested no intention of leaving any of his property to his relatives.

We think the judgment should be and it is affirmed.