Fannie CHURCH, a Widow, et al.,
Appellants,

v.

W. A. GIBSON et al., Appellees.

Court of Appeals of Kentucky.

Dec. 2, 1955.

Rehearing Denied Feb. 10, 1956.

Leslie W. Morris, Marion Rider, Frankfort, for appellants.

William A. Young, Allen Prewitt, Frankfort, for appellees.

WADDILL, Commissioner.

This action seeks a construction of the will of Fanny G. Thompson. By the sixth paragraph of her will the testatrix devised the residue of her estate:

"* * * to my cousins, Thomas L. Gibson, P. L. Gibson and S. J. Gibson, jointly in equal shares, and if any of them should die without leaving issue, before the time of distribution to them, the whole shall go to the survivors or survivor of them."

The original will was dated October 12, 1908. This disposition was changed by an undated holographic codicil which devised the residue of the estate to the testatrix's cousin Lula Gibson for life, "to descend from her to her brother[s] or their children, as the law directs." The second holographic codicil dated December 8, 1913,

provided that "At Lula Gibson's death it is my wish that what she gets from me shall be divided between Thomas, P. L. and S. J. Gibson, and Mrs. Fogg or her children equally, * * *."

Each of the named remaindermen survived the testatrix but predeceased the life tenant, Lula Gibson. The appellants are the surviving children of Fanny Fogg while the appellees are the heirs and devisees of Thomas, P. L. and S. J. Gibson. At the life tenant's death in 1953 the remainder consisted of three pieces of real property and the proceeds from the sale of another. This property was subsequently sold by agreement of the parties and the fund of approximately $27,000 was deposited in escrow with the State National Bank of Frankfort pending the outcome of this controversy.

An interpretation of the will was sought from the Franklin Circuit Court, which found: (1) Lula Gibson took a life estate in the residue of the estate of Fanny G. Thompson; (2) the devise to Thomas, P. L., S. J. Gibson and Fanny Fogg or her children was a devise to the named persons as individuals with a substitutionary gift over to the children of Fanny Fogg in the event that she should predecease the life tenant; and (3) an undivided one-fourth interest in the remainder was vested in each of the named beneficiaries upon the death of testatrix. The court therefore adjudged that the appellees were the owners of an undivded three-fourths interest in the property and that the appellants were the owners of an undivided .one-fourth interest.

The appellants contend that, properly construed, the devise in remainder under the second codicil was a devise to a class, with an implied condition of survivorship. Therefore, the children of Mrs. Fogg, being the only survivors of the designated class, take the entire remainder.

■■ It is clear that this is not a class gift. Where a gift is made to beneficiaries by name, the gift is prima facie to individuals, even though the persons designated may constitute a natural class, or possess some quality in common. McLeod v. An-

drews, 303 Ky. 46, 196 S.W.2d 473; Shoenberg v. Lodenkemper's Ex'r, 314 Ky. 105, 234 S.W.2d 501; also see, annotation, 75 A.L.R. 773, 783. Such an inference can be overcome where the language of the will as a whole affirmatively shows that a class gift was intended. No language appears in the will of Fanny Thompson which would indicate an intention to treat these beneficiaries as a class. Therefore, the presumption of individual gifts has not been overcome. In view of this construction, the gift to "Mrs. Fogg or her children" clearly indicates that the children of Mrs. Fogg were to be substituted as devisees in the event that Mrs. Fogg predeceased the life tenant.

■ The appellant urges that as there was no immediate devise of the remainder to the persons named, but merely a direction to "divide" the property equally at the life tenant's death, the so-called "divide and pay over rule" is applicable, so as to imply a condition precedent of survivorship for the period of distribution. This rule of construction is usually applied where the gift is to a class. But there have been decisions which recognize the applicability of this rule to cases where the gift is to devisees as individuals. Simes, Law of Future Interests, Vol. 2, Sec. 393, fn 20. Nevertheless, there are certain exceptions and qualifications which limit its application. One of the most commonly recognized exceptions is that if the postponement of the gift is for the purpose of letting in an intermediate estate, then the remainder shall be deemed vested at the death of the testator, for futurity is not annexed to the substance of the gift. Simes, Law of Future Interests, Vol. 2, Sec. 394; see, Skiles v. Bowling Green Trust Co., 294 Ky. 211, 171 S.W.2d 235.

■ We think the trial court correctly concluded that the enjoyment of the remainder was postponed merely to permit the intervention of the life estate of Lula Gibson, and properly held that the interests of the named beneficiaries, upon their death, passed to their respective heirs and devisees.

Judgment affirmed.