Josephine SCHMIDT, Appellant,

v.

James W. HALPIN, Adm'r., etc., and
Charles Edward Halpin, Appellees.

Court of Appeals of Kentucky.

Nov. 3, 1961.

E. H. Walton, Covington, for appellant.

William B. O'Neill, Cincinnati, Ohio,
Ralph P. Rich, Covington, for appellees.

STEWART, Judge.

This appeal is from a declaratory
judgment entered on motion for summary
judgment which determined that appellee,
Charles Edward Halpin, inherited the es-
tate of his deceased son, Charles C. Halpin,
amounting to $10,653.51. The adjudica-
tion of the trial court rests upon its inter-
pretation of the residuary clause of the
will of the decedent, which reads:

"Item II. All the rest, residue and
remainder of my estate, whether it be
real, personal, or mixed, and where-
soever situated, which I may own
or have the right to dispose of at the
time of my death, and all property
over which at the time of my death, I
shall have any power of appointment,
general or special, I give, devise and
bequeath to my wife, Anna Mae Hal-
pin, to have and to hold unto her-
self, her heirs and assigns forever, in
fee simple."

In 1959, Anna Mae Halpin died without
issue and her will, admitted to probate in
the Kenton County Court, left her entire
estate to Charles C. Halpin, her surviving
husband. A little over a year later, in
1960, Charles C. Halpin, who had remained
a widower, followed his wife in death.
He had no children during his lifetime;
he left his father, Charles E. Halpin, ap-
pellee herein, as his next of kin and sole
heir at law.

This action was precipitated when appel-
lant, Josephine Schmidt, Anna Mae Hal-
pin's mother, made claim to all the prop-
erty of which Charles C. Halpin died pos-

sessed or seized. James W. Halpin, the administrator of the estate of Charles C. Halpin with the will annexed, initiated this action for a declaration of rights. He is a nominal party to this litigation.

There being no controversy of fact presented in this case the issues to be considered will be limited to resolving the questions of law raised. That summary judgment may be granted in a declaratory judgment action is conceded by all the parties. See CR 56.01.

Although Charles C. Halpin named his wife, Anna Mae Halpin, as legatee and devisee in his will, the gift he undertook to bestow lapsed when she predeceased him. Under KRS 394.500 it is provided that, unless a contrary intention appears from the will (and none appears in the will under scrutiny), "real or personal estate, comprised in a devise incapable of taking effect, shall not be included in the residuary devise contained in the will, but shall pass as in case of intestacy." Our cases uniformly hold, in conformity with this statute, that any property which is devised or bequeathed to a person who dies before the testator passes at the testator's death as if no will had been made. See Smith v. Bowling Green Bank & Trust Co., Ky., 314 S.W.2d 538; Garrard v. Kendall, Ky., 121 S.W. 997.

█ The only exception to the rule that property left by will to one who predeceases a testator descends as intestate property is provided by KRS 394.400, which reads: "If a devisee or legatee dies before the testator, or is dead at the making of the will, leaving issue who survive the testator, such issue shall take the estate devised or bequeathed, as the devisee or legatee would have done if he had survived the testator, unless a different disposition thereof is made or required by the will."

It should be emphasized that this statute restricts the taking of an otherwise lapsed devise or bequest to the issue of a devisee or legatee who has died before the testator. In some of the older decisions of this Court the word "issue" was construed as synonymous with the terms "heir" or "descendant"; but that construction has been considered to be too broad and has been repudiated. Slone v. Mason Coal & Coke Co., 168 Ky. 697, 182 S.W. 929. The proper meaning of "issue", as used in the statute, is that it includes only the lineal descendants of the legatee or devisee, and not the collateral or ascending heirs. As appellant, Josephine Schmidt, in the eyes of the law must be classified as an ascending heir of her deceased daughter, Anna Mae Halpin, she cannot qualify to take under the will as the living issue of a deceased devisee or legatee. See Hodge v. Lowell's Trustee, 262 Ky. 509, 90 S.W.2d 683; Dillender v. Wilson, 228 Ky. 758, 16 S.W.2d 173; and Bourne's Executor v. Edwards, 223 Ky. 35, 2 S.W.2d 1053.

█ Nor does the addition of the language "her heirs and assigns forever, in fee simple" to the devise and bequest to Anna Mae Halpin in the will prevent the lapse, nor will such phraseology operate to vest any interest in Charles C. Halpin's estate in appellant, Josephine Schmidt. It has been held that the expression "heirs" as employed in a will is a word of limitation and not of purchase. In other words, it is used to describe the quantity of interest and not to designate a party entitled to this interest. In the instant case, this is obviously the situation as the use of the word "heirs" is followed by the words "fee simple."

Appellant argues that the intent of the testator is the primary factor to be considered in this controversy; that since Charles C. Halpin's will remained in full force for 13 months after his wife's death and until his own death, he must have wished his estate to pass, under the instrument, to his wife's mother, who was her only heir; and that if he had intended for anyone else to have his property, he would

have destroyed or altered his will in order to carry out such a change.

These arguments are wholly unrelated to the issues we have addressed ourselves to which are the only ones that need be considered in the determination of this case. Also, the trial court properly ruled that the item of the will in question was unambiguous, so that appellant was not entitled to introduce extrinsic evidence to attempt to "explain" it. See Cambron v. Pottinger, 301 Ky. 768, 193 S.W.2d 412.

We feel we should state in conclusion that the learned trial judge wrote an excellent opinion containing his findings of fact and conclusions of law which has been of the utmost assistance.

Wherefore, the judgment is affirmed.