Frank L. DILS and Bernard E. Stephens, Co-Administrators of the Estate of A. L. Stephens, Deceased, Bernard E. Stephens, William G. Stephens, and Nell G. Stephens Roehm, Appellants,

v.

June Brown RICHEY, Appellee.

Court of Appeals of Kentucky.

May 10, 1968.

Rehearing Denied Oct. 4, 1968.

William E. Wehrman, Wehrman & Wehrman, Frank L. Dils, Covington, for appellants.

R. J. Turley, Escum L. Moore, Jr., Lexington, for appellee.

CULLEN, Commissioner.

The judgment appealed from is a summary judgment, in an action to construe the will of A. L. Stephens and for a declaration of rights, adjudging that appellee June Brown Richey takes Stephens' entire estate under the will. Mrs. Richey was a niece of Stephens' deceased wife. The appellants are the co-administrators c. t. a. and the legal heirs (two brothers and a sister).

The significant parts of the will are set forth in the second and third clauses, to-wit:

"Second—I will and bequeath to my Wife, Alberta K. Stephens, all of my property both real and personal or of whatever nature or wherever situated, in fee simple.

"Third—In the event that my said Wife, Alberta K. Stephens, and myself should be killed at the same time, or my said Wife should die so soon after my death that it would be impossible for her to make a will, *then and only in that case,* all of my said property both real and personal shall go to my niece, June Brown, Daughter of Walter and Kathryn Brown." (Our emphasis.)

The problem arises from the fact that *the wife died almost six years before Stephens died*—a situation which the will did not provide for. Under KRS 394.500 the devise to the wife lapsed, so her heirs could not take under the will. The question is

whether an intent may be found in the will that June should take in the circumstance of Stephens' wife's predeceasing him. The trial court found such intent. We think it is not there.

■ The cold fact is that the terms of the will are in no way ambiguous, either patently or latently. Their meaning is clear, and is not made unclear by being "brought in contact with the collateral facts." See Carroll v. Cave Hill Cemetery Co., 172 Ky. 204, 189 S.W.2d 186, 190. Nor is this a case, such as in Johnson v. Foley, 302 Ky. 848, 196 S.W.2d 733, 735, where the will "is so imperfectly worded or arranged as to leave in doubt the intent of the testator by what he said," so as to authorize the court to determine "what the testator intended to say in the use of the words he employed in drafting the Will." There is nothing imperfect about the wording and no doubt of what the testator meant by the words he used. The trouble is that the words—and therefore the intent—simply do not extend to the situation that happened.

■ It may very well be that the testator would have intended when he executed the will that June take in the event his wife predeceased him, had he thought of that possibility, and it may well be also that he actually thought, after his wife did die, that June would take under the terms of the will. However, regardless of how clear it may be that he entertained such thoughts in his mind, he did not express them in his will.

It is our opinion that this case is no different from any other in which the testator simply failed to anticipate the happening of a particular event. No intent can be inferred merely from the fact that the testator did not change his will after the unanticipated event did in fact occur. See Schmidt v. Halpin, Ky., 351 S.W.2d 57.

■ Since the will is unambiguous no construction is called for, hence extrinsic evidence may not be introduced as an aid to construction. See Schmidt v. Halpin,

Ky., 351 S.W.2d 57; Ratliff v. Yost, 263 Ky. 239, 92 S.W.2d 95.

The judgment is reversed with directions to enter summary judgment for the appellants in accordance with their motion therefor.