Charles REYNOLDS, Appellant

v.

**Russell REYNOLDS, individually and as Executor under the Will of Alice R. Brock; Steven Reynolds; Rodney T. Burton; Henry Reynolds; Kathleen Burton; Evelyn Holloway; Anna D. Cheek Gordon; and Bradley Burton, Appellees.**

**No. 2013–CA–000865–MR.**

Court of Appeals of Kentucky.

May 23, 2014.

G. Cliff Stidham, Lexington, KY, for appellant.

John D. Meyers, Jr., Lexington, KY, for appellee.

Before LAMBERT, STUMBO, and THOMPSON, Judges.

*OPINION*

LAMBERT, Judge:

Charles Reynolds appeals from a summary judgment declaring that an option to purchase real property given to a named beneficiary who predeceased the testator passed to the surviving optionees, rather than to the estate residue. After careful review, we affirm.

This is an appeal from a declaratory judgment determining the rights of beneficiaries under the will of Alice Reynolds Brock (Alice), who died in June 2012. Appellant Charles Reynolds (Charles) is Alice's brother and is a beneficiary under the will. Appellee Russell Reynolds (Russell) is another beneficiary under Alice's will and is also the executor of the estate. Other beneficiaries whose interests are affected by this appeal include Appellees Steven Reynolds, Henry Reynolds, Rodney Burton, Bradley Burton, Kathleen Burton, Anna Gordon, and Evelyn Holloway.

Alice executed her will in March 2008. Since she had no surviving spouse or issue, Alice left most of her estate to numerous siblings, nieces, and nephews, which included Charles and the Appellees. Article III of Alice's will provided, "I give and bequeath certain personal property to family members as set forth on a hand written attachment of three (3) pages to this will with the designation "List to be Added" and said three (3) pages are incorporated by reference in this will and confirmed by me to be a part of this will." The attachment made bequests to four of Alice's nephews, David Burton, Rodney Burton, Bradley Burton, and Russell Reynolds and stated that they were to "share equally the stuff in the 3rd drawer of old safe."

Article V gave four nephews and a niece testamentary option to purchase certain real property in Jessamine County:

I direct my executor to sell my farm on Beaumont Road, Nicholasville, Kentucky, as the price of $4,000.00 per acre to any one of my five (5) following relatives who are Steven Reynolds, Russell Reynolds, David A. Burton, Rodney T. Burton and Anna D. Cheek Gordon, if only one (1) of them desires to by [sic] the farm. If more than one (1) of the five (5) of them desires to buy the farm at the price of $4,000.00 per acre, then a drawing shall be held to determine which one of the interested relatives shall be the buyer of the farm. In the event that none of the five (5) designated relatives desire to buy the farm, then I direct that my executor shall sell the farm at public auction with the net proceeds of the sale to become a part of my remainder estate. I direct that the attorney for the estate shall conduct the drawing if necessary under this Article V. I specifically authorize my executor (Russell Reynolds) to be one of the potential buyers of the farm.

The residue of the estate was to be distributed under Article VIII to Alice's surviving brothers and sisters (the "residuary beneficiaries"):

I give, bequeath, and devise all my remainder estate in fee simple and equal shares to my brothers and sisters who are living and survive me at my death. My brothers and sisters living at the date of this will are Charles Reynolds, Henry Reynolds, Kathleen Burton, and Evelyn Holloway (my living sisters and brothers).

David Burton (David) was named as a beneficiary under both Articles III and V, but he died in October 2011. He had no surviving spouse or issue.

As stated above, Alice died after David, in June 2012. Her will was probated in Jessamine District Court, and Russell was appointed executor. Since David prede-ceased Alice without issue, a dispute arose over the disposition of the two (2) gifts to him under Alice's will.

Russell Reynolds, as executor, took the position that both gifts to David, including the gift in Article V of the will and the gift in the handwritten attachment in Article III, passed to the residuary beneficiaries pursuant to Kentucky Revised Statutes (KRS) 394.500, which governs lapsed gifts. He asked the estate beneficiaries to consent to this proposed treatment of those gifts. Appellee Steven Reynolds declined to consent to this treatment of the gift in Article V based on his belief that Alice's intention, manifested by the terms of her will, was that the lapsed gift to David in Article V is to pass to the four surviving designated beneficiaries in Article V.

Russell, as executor, brought a declaratory judgment action in November 2012 to determine his duties and the rights of the beneficiaries regarding both lapsed gifts to David Burton. Steven, in his answer, took no position regarding the gift in the handwritten attachment to the will on the basis that he had no legal or equitable interest in that gift. However, Steven denied that KRS 394.500 applied to the gift to David in Article V of Alice's will.

Russell filed a summary judgment motion, and Steven filed a cross-motion for summary judgment. On April 17, 2013, the Jessamine Circuit Court entered an order granting summary judgment in part to Russell Reynolds and in part to Steven Reynolds.

Regarding the lapsed gift to David Burton contained in the handwritten attachment to the will, the trial court ruled that Alice's will was silent as to any intention of the testator about the disposition of this lapsed gift and that the bequest to David was therefore a bequest to him individually. Accordingly, KRS 394.500 was applica-

ble. As a result of the gift being determined to be to an individual, and because the will evidenced no intention to the contrary, the lapsed gift to David in the handwritten attachment was to become a part of Alice's residuary estate.

Regarding the lapsed gift to David contained in Article V of the will, the trial court ruled that Alice's will evidenced the testator's intention to make a devise to her five named relatives as a class and her intention that the lapsed gift to David should not be included in the residuary estate. Therefore, the lapsed devise to David in Article V of the will was controlled by KRS 394.410(1) and passed to the other four members of the class, and the lapsed gift was not to be included in the residuary estate pursuant to KRS 394.500 because the language of the will affirmatively expressed the testator's intention to the contrary.

Charles now appeals from the part of the trial court's order addressing the lapsed gift to David under Article V of Alice's will.

The issue is whether the Jessamine Circuit Court, in granting summary judgment, erred in finding that there were no genuine issues as to any material facts and that the moving party, Appellee Steven Reynolds, was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky.App.1996). The trial judge must view the evidence in a light most favorable to the nonmoving party, resolving all doubts in his favor. *Spencer v. Estate of Spencer*, 313 S.W.3d 534, 537 (Ky.2010) (citing *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476 (Ky.1991)).

Since summary judgment involves no fact finding, this Court reviews such orders *de novo*. *3D Enters. Contr. Corp. v. Louisville & Jefferson County Metro. Sewer Dist.*, 174 S.W.3d 440, 445 (Ky.2005).

This includes interpretations of statutes. *Com. v. Love*, 334 S.W.3d 92, 93 (Ky.2011). It also includes the interpretation of wills. *See Dils v. Richey*, 431 S.W.2d 497, 498 (Ky.1968).

On appeal, Charles argues that the will did not provide for any gift-over in the event an individual beneficiary predeceased Alice. The Appellees argue that Alice's will evidences her intent to give the option to purchase the land to a class of beneficiaries and that the lapsed gift to David in Article V passes to the surviving beneficiaries named in Article V who belong to that class.

When the interpretation of a will is in dispute, Kentucky follows the "polar star rule," which provides that a testator's intention, if not contrary to law, controls. *Hammons v. Hammons*, 327 S.W.3d 444, 448 (Ky.2010). The intention of a testator is to be determined by "considering the will as a whole and no single part may be separated and held up as evidence of the testator's intent." *Id.* Furthermore, no particular words are required in a will to express testator's intentions. *Id.*

Under Article V of her will, Alice gave testamentary options to purchase certain real property to David and other named beneficiaries. David predeceased Alice. Consequently, the option given to him to purchase the real estate lapsed unless Alice's will provided otherwise. Charles argues that Alice did not plan on those beneficiaries passing away early and that Article V did not include a gift-over provision or designate substitute beneficiaries. Thus, Charles argues that Alice's will was silent as to who could exercise the purchase option under Article V in the event of David's death. Charles emphasizes that another provision of Alice's will, Article VIII, the distribution of the residuary estate, was made contingent on

the survival of the beneficiaries. Article VIII states, "I give, bequeath and devise all my remainder estate in fee simple and equal shares to my brothers and sisters who are living and survive me at my death." Charles argues that Alice could have used similar language for the purchase options under Article V but did not do so.

Charles also contends that the will did not state that the purchase option in Article V was a class gift that would pass to other beneficiaries named in Article V who survived David, nor that his option would (or would not) pass to the residue of Alice's estate if he predeceased her. Charles argues that since the will was completely silent on these issues, the trial court erred in concluding that Alice intended for the options to be a class gift and that the lapsed gift to David should not be included in the estate residue.

The anti-lapse statutes, KRS 394.500 and KRS 394.410, may prevent a gift from lapsing where a beneficiary predeceases the testator, but only in certain circumstances. KRS 394.410(1) states in relevant part:

> When a devise is made to several as a class ... and one (1) or more of the devisees die before the testator, and another or others survive the testator, the share or shares of such as so die shall go to his or their descendants, if any; if none, to the surviving devisees, unless a different disposition is made by the devisor.

If the will makes gifts to named individuals, then there is a presumption against there being a class gift. "Where a gift is made to beneficiaries by name, the gift is prima facie to individuals, even though the persons designated may constitute a natural class, or possess some quality in common." *Church v. Gibson*, 286 S.W.2d 91, 92 (Ky.1955). *See also McLeod v. Andrews*, 303 Ky. 46, 55, 196 S.W.2d 473, 478 (1946).

Charles contends that there might have arguably been a class gift had Alice devised her farm to "my nieces and nephews." All of Alice's nieces and nephews would then share and co-own the farm as a group. *Cf. Barnhill v. Sharon*, 135 Ky. 70, 121 S.W. 983, 984 (1909) (holding that devise of real property to "my brothers and sisters" was a class gift). Charles argues that because Alice named the beneficiaries by name in Article V, her intention was not to create a class gift.

The Appellees argue that the language in Article V of Alice's will clearly evidences her intention to create a class gift, and as such, the lapsed gift to David is to pass to the surviving designated beneficiaries. In support of this, the Appellees note that in the handwritten attachment to Alice's will, she makes a gift of the "stuff in the 3rd drawer of old safe." That gift is simply directed to "David, Rodney, Bradley Burton, and Russell Reynolds share equally," and Alice is otherwise silent regarding her gifting intention. However, the Appellees point out that in Article V, Alice establishes an unusual lottery-style drawing directed to a limited number of designated relatives, and the language Alice uses to establish this arrangement and direct its administration provides clear evidence of Alice's intention that the opportunity to participate in this drawing is limited to only the five designated persons.

The Appellees agree with Charles that Kentucky courts have held that a gift to beneficiaries by name is prima facie to individuals. This presumption; however, is overcome by evidence of a testator's intention to make a gift to a class. Regarding this presumption that a gift to beneficiaries by name is a gift to individuals, the court in *Church v. Gibson, supra*, states, "Such an inference can be overcome

where the language of the will as a whole affirmatively shows that a class gift was intended." 286 S.W.2d at 92.

The Appellees argue that the gift in Article V begins with Alice directing her executor to sell her farm at the price of $4,000.00 per acre "to any one of my five (5) following relatives who are Steven Reynolds, Russell Reynolds, David A. Burton, Rodney T. Burton, and Anna D. Cheek Gordon ..." With this language, the Appellees argue that Alice first establishes a class of five persons, and then she identifies the members of that class by name using the introductory phrase, "who are ..." Most importantly, the Appellees argue, is the fact that the first sentence of Article V is the only place where the persons comprising this class are spoken of by name or otherwise referred to individually. Throughout the remainder of Article V, the beneficiaries are referred to only as a class. The second sentence of Article V reads, "If more than one (1) of the five (5) of them desires to buy the farm at the price of $4,000.00 per acre, then a drawing shall be held to determine which one of the interested relatives shall be the buyer of the farm."

The third sentence of Article V reads, "In the event that none of the five (5) designated relatives desire to buy the farm, then I direct that my executor shall sell the farm at public auction with the net proceeds of the sale to become a part of my remainder estate." The Appellees argue that the language again demonstrates a class gift, as the beneficiaries are not named by name and instead are referred to as one of the five designated relatives.

█ As this is a *de novo* review, we will look to other cases to assist in our determination as to whether Alice's option to purchase her real property was a class gift or a gift to individuals. Regarding gifts to a class of beneficiaries, Kentucky courts

have found such an intention in wills using various language. In *Horseman v. Horseman*, 309 Ky. 289, 217 S.W.2d 645, 646 (1949), the former Court of Appeals found a class gift in a will containing the following relevant language:

Item Three: I give and devise to my three sons, Nolan Horseman and Oren E. Horseman and Ora Gilmore Horseman, all of the remainder interest in my real estate, consisting of my farm hereinabove described, subject to the life estate of their mother, and in fee simple to be theirs in equal shares after their mother's death.

Item Four: My farm is under mortgage for a balance of some Six Thousand Dollars ($6,000.00); and it is my will that my said wife and three sons hereinabove named shall have the right to make such disposition of said mortgage as they see fit either by sale of the property and payment of the debt, or in any way they wish to handle it.

Item Five: I have another son, Esten B. Horseman, I have not made any provision for him in this will. This is not because of any lack of affection for my said son, but my three other sons hereinabove named have worked with me to make what I have, and I feel that it is only just and right that I should provide for them as herein above stated.

Considering the will as a whole, the Court determined that the testator intended item three to be a class gift to the three named sons. Furthermore, the Court determined that the will evidenced the testator's intention that the lapsed gift to one of those three named sons should not be included in the residuary devise of the will. *Id.*

In *Clarke v. Kirk*, 795 S.W.2d 936 (Ky. 1990), the Supreme Court of Kentucky found testamentary intention to make a class gift in the language of a very differ-

ent will. Of particular relevance in its determination that a class gift was intended, the Court noted, "While the nieces and nephews are identified by name at the beginning of the provision, throughout the remainder of it, they are referred to only by class." *Id.* at 939. The Court further stated, "If the language used is a reasonably clear expression of intent, then the inquiry need go no further." *Id.* at 938 (citing *Gatewood v. Pickett,* 314 Ky. 125, 234 S.W.2d 489 (1950)).

We agree with the trial court and with the Appellees that the language in Alice's will is a reasonably clear expression of intent for the option to purchase her farm to pass to a class of her relatives. Indeed, Alice initially named the class by name and then referred to them by class throughout the remainder of Article V of her will. Accordingly, KRS 394.410(1) controls. A review of the case law regarding individual versus class gifts supports the trial court's ruling in this regard, and we find no error.

Because there were no genuine issues of material fact, the trial court properly entered summary judgment as a matter of law. We agree with the trial court that Alice intended the lottery purchase opportunity to pass to a class of relatives and since David predeceased Alice, he did not receive that opportunity, and it passed to the other members of the class. Accordingly, we affirm the Jessamine Circuit Court's order entered on April 17, 2013.

ALL CONCUR.