RENDERED:  AUGUST 4, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0034-MR

TERRY GABBARD AND JUDY
ELZA                                                                              APPELLANTS


                          APPEAL FROM LAUREL CIRCUIT COURT
v.                 HONORABLE MICHAEL O. CAPERTON, JUDGE
                   ACTION NOS. 19-CI-00941 AND 19-XX-00004


ESTATE OF JESSIE M. WILLIAMS,
DECEASED; CONNIE JERVIS;
ELAINE WILLIAMS, WIDOW OF
MARK WILLIAMS, DECEASED;
JESSICA SHAYE NORTH; MARSHA
KAY HOWARD; MARSHA KAY
HOWARD, EXECUTRIX; MIKE
WILLIAMS; RAYMOND SHANE
HENSLEY; RICKY RAY HENSLEY;
STANZEL WILLIAMS; TIMOTHY J.
HENSLEY; AND VICKY RENAEE
WARREN                                                                             APPELLEES


                                    OPINION
                                   AFFIRMING

                             ** ** ** ** **

BEFORE:  ACREE, CETRULO, AND GOODWINE, JUDGES.

ACREE, JUDGE:  Terry Gabbard and Judy Elza, Appellants, appeal the Laurel

Circuit Court's August 28, 2020 Judgment and Order.  In a consolidated action, the

circuit court determined the proceeds from the sale of the Decedent Jessie

Williams' ownership interest in a parcel of real property should not be devised as

part of the residuary estate and, consequently, both (1) affirmed the Laurel District

Court's Order approving an amended proposed final settlement, and (2) denied

Appellants' Declaration of Rights action.  Finding no error, we affirm.

## BACKGROUND

When Decedent executed her will on December 31, 2014, she named

Appellee Marsha Kay Howard her estate's executrix.  She provided instructions in

her will for the disposition of her estate and, as with almost all wills, she included a

residuary clause, Article Seven, that any property not the subject of a specific

bequest or devise would be divided among a defined list of beneficiaries, each to

receive a specific percentage of the assets distributed pursuant to that residuary

clause.  Appellants Gabbard and Elza were to receive 12% and 13%, respectively,

of the residuary estate.

The preceding Article Six of Decedent's will gives her executrix

specific instruction how to administer her fifty percent ownership interest in a

parcel of land in Laurel County.  Decedent stated her intent that upon her death the

real property be devised, in trust, to Marsha Kay Howard as trustee.  So long as the

-2-

trust owned the real property, any income generated in the form of rent or otherwise was to be distributed to certain individuals in certain percentages. Neither Appellant would have been entitled to any such income.

However, Article Six also grants the trustee complete authority to sell the real property, plainly stating that "if at any time the trust assets are sold, I direct that the net proceeds from the sale, after costs and expenses are paid, to be distributed to the following named beneficiaries . . . ." Appellants are among those beneficiaries. Article Six provides that Appellants each receive 6% of the proceeds from such a sale.

Decedent's testamentary instruction regarding the land is consistent with a Buy-Sell Agreement she executed more than three years prior.[1] The Buy-Sell Agreement grants to non-parties to this appeal and who own the remainder of the parcel, the Tinchers, the exclusive right to purchase Decedent's interest in the land for six months following her death.

The Agreement also provides that Decedent's obligation to convey the property to the Tinchers, provided they properly and timely exercise their right to purchase, "shall . . . be binding upon . . . devisees . . . of the Owners" which included the Decedent. Therefore, the obligation became binding upon the testamentary trust for which Ms. Howard was trustee. The Tinchers did properly

---

[1] The Buy-Sell Agreement was executed September 15, 2011.

and timely exercise this right. The Laurel District Court authorized Executrix/Trustee Howard to convey the real property to the Tinchers on March 11, 2019. Soon thereafter, the Tinchers became the owners.

Ms. Howard filed an initial proposed final settlement with the district court which treated the proceeds from the Tinchers' purchase of the land as part of the residuary estate under Article Seven. Three beneficiaries filed exceptions, contesting the treatment of the sale proceeds as residual property. The district court agreed with these exceptions, determining the real estate interest was a specific devise and thus excluded from the residuary clause. The executor thereafter filed a proposed amended final settlement distributing the proceeds of the sale of real property to the Tinchers in accordance with Article Six. The district court approved this proposed amended final settlement.

Appellants then filed a Declaration of Rights action with the circuit court, arguing the proceeds should have been distributed as residuary property because the Buy-Sell Agreement burdened Decedent's ownership interest and thus prevented it from becoming part of the trust created by Article Six. Shortly thereafter, Appellants also appealed the district court probate action to the circuit court, and the circuit court consolidated the two actions. In a Judgment and Order entered August 28, 2020, the circuit court determined that the district court was correct to approve the proposed amended final settlement; in a second Judgment

and Order entered December 8, 2020, the circuit court declined to vacate its

August 28 ruling.[2] Appellants now appeal.

"As wills are interpreted under the same standards as contracts, we

shall apply the *de novo* standard of review to this case." *Benjamin v. JP Morgan*

*Chase Bank, N.A.*, 305 S.W.3d 446, 451 (Ky. App. 2010) (citations omitted).

Appellants continue to press their sole argument before this Court:

pursuant to KRS[3] 394.500, the land sale proceeds must be devised pursuant to the

will's residuary clause because the Buy-Sell Agreement prevented Decedent's

interest in land from ever becoming part of the Article Six trust. That statute

provides: "Unless a contrary intention appears from the will, real or personal

estate, comprised in a devise or bequest incapable of taking effect, shall be

included in the residuary devise contained in the will." KRS 394.500. This is the

sole legal authority to which Appellants cite in their brief.

However, the trust came into existence and became effective at the

time of Decedent's death: "Unless something in the will indicates an intention to

---

[2] As Appellees note, the district court entered two substantially identical orders which approved the proposed amended final settlement: one on October 28, 2019, and the other on November 4, 2019. Appellants filed their declaration of rights action in the interim, on October 30, 2019. In its December 8, 2020 Judgment and Order – which followed Appellants' motion to vacate the August 28, 2020 Judgment and Order – the circuit court opined that the filing of the Declaration of Rights action deprived the district court of jurisdiction to enter its November 4, 2019 order. Otherwise, the circuit court agreed in each instance with the district court that the proposed amended final settlement correctly settled Decedent's estate.

[3] Kentucky Revised Statutes.

-5-

the contrary, the testator's death is the time when a testamentary trust ordinarily is created and goes into effect." 97 C.J.S. *Wills* § 1541. Thus, at Decedent's death, her real estate interest entered the testamentary trust, and Ms. Howard became tasked with its management as trustee.

The Buy-Sell Agreement never prevented the Article Six trust from taking effect. By the will's terms, between the time of Decedent's death and the time the Tinchers timely exercised the option to purchase the real estate interest in question, the trustee collected the rent and income it generated and distributed that to named beneficiaries. Thereafter, empowered by the will to sell the parcel and compelled to do so by the obligation to which Decedent committed in the Buy-Sell Agreement (an obligation that obviously survived her death and which the executrix/trustee was compelled to satisfy), the executrix/trustee conveyed the parcel to the Tinchers. Decedent's property entered her testamentary trust upon her death, the trustee sold it as she was empowered to do, and distributed the proceeds of the sale in the manner specified by Article Six.

This having been said, a testator's intent rules the day when interpreting a will, and the Decedent in the present case plainly intended for the land sale proceeds to be devised according to the percentages provided in Article Six and not to be treated as residue. "When the interpretation of a will is in dispute, Kentucky follows the 'polar star rule,' which provides that a testator's

-6-

intention, if not contrary to law, controls." *Reynolds v. Reynolds*, 434 S.W.3d 510, 513 (Ky. App. 2014) (citing *Hammons v. Hammons*, 327 S.W.3d 444, 448 (Ky. 2010)). This intention is discerned upon consideration of the will as a whole, and "no single part may be separated and held up as evidence of the testator's intent." *Id*. (quoting *Hammons*, 327 S.W.3d at 448). A decedent need not include any particular words or phrases for her intent to be adequately expressed. *Id*.

While a court's task is to discern this intent, "[t]his task is complicated by the fact that there is seldom precedent directly on point." *Hammons*, 327 S.W.3d at 448. Because all wills contain different verbiage, "[i]t has been said no will has a brother, much less a twin." *Id*. (citing *Conlee v. Conlee*, 300 Ky. 685, 190 S.W.2d 43, 44-47 (1945)). Though canons of construction guide courts in interpreting wills in the event a testator's intent is unclear, application of these canons is appropriate "only when doubt exists as to the testator's intent." *Id*. "When a testator employs clear, definite and unambiguous language, there is no need to resort to canons of construction." *Id*. (citing *Conlee*, 190 S.W.2d at 46).

Decedent's intent for the disposition of the sale proceeds could not possibly be clearer. Article Six of her will directed the proceeds from the sale, once the land is sold, to be distributed among certain named individuals at certain percentages; the fact that Decedent created a separate article in her will with

specific instructions for how to handle her real estate interest demonstrates her intent to exclude it from residue. For the proceeds of the sale to pass as part of the residual estate would contradict this clearly stated intent. "A specific bequest is the gift of a particular item or a part of a testator's estate which is capable of identification from all others of the same kind[,]" *Jones v. Edmunds*, 477 S.W.2d 771, 773 (Ky. 1972) (citing *Ruh's Ex'rs v. Ruh*, 270 Ky. 792, 110 S.W.2d 1097 (1937)), and, as a specific bequest, the sale proceeds are excluded from Decedent's residuary clause.

Appellant makes an argument that Ms. Howard's original distribution should not have been amended, saying "it is important to note that in [Article Eight] the Executrix is granted . . . 'full authority to make a final decision in the event there should be any controversy [regarding] any aspect of the settlement of my estate, and the decision of my Executrix/Executor shall be binding upon all beneficiaries.'" (Appellant's brief, p. 2.) We are not persuaded. The Restatement (Second) of the Law of Trusts § 102(4) (2023), provides that a trustee cannot accept title to the trust property but disclaim part of the duties of the trustee. Ms. Howard accepted the duties of trustee and title to the property as the Decedent intended. Article Eight did not grant her authority to disregard the duties she agreed to perform as trustee which were clearly set forth in Article Six.

Upon its acceptance of the amended proposed final settlement, the district court correctly discerned Decedent's intent. The circuit court, both by affirming the district court and by its decision in Appellants' Declaration of Rights action, also gave effect to that intent. This Court now joins in giving effect to Decedent's wishes by finding no error in the circuit court's conclusions and affirm.

## CONCLUSION

For the foregoing reasons, we affirm the Laurel Circuit Court's August 28, 2020 Judgment and Order.


ALL CONCUR.


BRIEFS FOR APPELLANTS:

John T. Aubrey
Manchester, Kentucky

BRIEF FOR APPELLEES CONNIE JERVIS, STANZEL WILLIAMS, AND MIKE WILLIAMS:

Scott M. Webster
London, Kentucky